### 9918. LeSUEUR *v.* CRAWFORD.

Under the terms of the contract in question, by which the defendant, a purchaser of land, agreed to pay to the vendor a certain sum due on the purchase-price if in a claim case then pending it should be determined that the land was not subject to an execution in favor of another, no cause of action on the contract is set out in the petition, it being alleged therein that in the claim case the land was found subject to the execution, although it is alleged that this finding was the result of collusion between the defendant, who was the claimant in that case, and

the plaintiff in execution, and that the verdict and judgment were void.
DECIDED APRIL 16, 1919.

Complaint; from Pike superior court—Judge Searcy.   May 4, 1918.

W. A. LeSueur, as transferee of Mrs. Frances Amanda Fitts, brought suit against J. T. Crawford in the superior court of Pike county, for $300, based upon the following contract:

"Georgia, Pike County.                              Jan. 13, 1914.

"As soon as the matter between M. B. Fitts and the Barnesville Bank, amounting to $275.00, now due them by M. B. Fitts as endorser for Robert Nelson, is adjudicated through the courts, I promise to pay Mrs. Frances Amanda Fitts three hundred dollars, provided said courts decide the question in favor of said Mrs. Frances Amanda Fitts.   Otherwise, should the courts decide this property of a certain farm located in the 7th district of said county subject to the above described indebtedness of M. B. Fitts, then I agree that the said maker of this paper is authorized to settle for the amount of the claim with the Barnesville Bank, and I also agree to deliver this paper without value received to the said maker.   Three hundred dollars so held and due is the balance of purchase-price to be paid as above indicated.

J. T. Crawford (L. S.)"

"Witness: L. C. Tyus, N. P.

"This note payable to W. A. LeSueur.   Jan. 31, 1914.

"Mrs. Frances Amanda Fitts."

The petition alleges that this contract was given to Mrs. Frances Amanda Fitts for the balance of the purchase-money due her by the said J. T. Crawford for a certain tract of land sold and conveyed under a warranty deed by Mrs. Fitts to the defendant; that this land was levied on as the property of her husband, M. B. Fitts, under a fi. fa. against him in favor of the Barnesville Bank, and a claim was interposed by the said Crawford; that at the April term, 1916, of the superior court of said county Crawford colluded with the Barnesville Bank and consented that the land should be found subject to the fi. fa., and he now refuses to pay the amount due for the purchase-price of the land; that Mrs. Fitts had no notice of this trial, and that the verdict finding the property subject was fraudulent and void as to her and the plaintiff. By amendment it was alleged that M. B. Fitts had no title to or interest in the land, and had never had any; that after it had been

levied on under the fi. fa. and the claim had been interposed by Crawford, it was understood between Mrs. Fitts, the bank, and Crawford that Mrs. Fitts was to be notified when the claim case was to be tried, in order that she might. appear and defend the title to the land against the execution levied upon it in favor of the bank, and that the claim case was not to be tried without notice to her; that notwithstanding this agreement, and in her absense, Crawford, although he had a warranty deed to the land from her, fraudulently conspired with the bank, and consented that the land might be found subject to the fi. fa., and that the bank entered into a written obligation to refund to him $300 in the event the land should not be found subject. The plaintiff prayed in the amendment that the Barnesville Bank be made a party to the case, and be served with a copy of the original petition and the amendment, and that the bank and Crawford be required to show cause why the judgment finding the property subject should not be set aside as fraudulent and void. A general demurrer to the petition was sustained, and to this ruling exception is taken.

*J. H. Garland, E. F. Dupree,* for plaintiff.

*Redding & Lester,* for defendant.

JENKINS, J. (After stating the foregoing facts.) Since, by the terms of the conditional contract sued upon, the defendant was not to become liable thereon until the pending claim case involving the question as to whether the land was or was not subject to the indebtedness of M. B. Fitts to the Barnesville Bank had been adjudicated in favor of Mrs. Frances Amanda Fitts, and the petition showing upon its face that a judgment had been rendered adversely to her, the court did not err in sustaining the general demurrer and dismissing the petition. Even though the judgment finding the property subject should be set aside for fraud, the plaintiff would not thereby be entitled to maintain his present suit; for the defendant's liability is, by the terms of the contract itself, made subject to the final adjudication of this question, and the setting aside of the former judgment would leave that matter undetermined.

*Judgment affirmed.* *Wade, C. J., and Luke, J., concur.*