## 30288. HARGRAVE *v.* THE STATE.

DECIDED FEBRUARY 19, 1944.

*Lowrey Stone, A. H. Gray,* for plaintiff in error.

*R. A. Patterson, solicitor-general, Hooper & Miller,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The record fails to show that the endorsement was ever countersigned by any agent of the company, the line for his signature being left blank. The evidence was objected to as illegal and immaterial on the ground that the indictment charged that the policy of the Calvert Fire Insurance Company was issued to Nolan Hargrave, whereas the purported copy of the policy introduced in evidence shows that the insured therein were Elie Seaux and Commercial Credit Company, and that the only connection between the policy and Hargrave was a recital in the "rider" (attached to the policy), which stipulated that it would be valid only when countersigned by an agent of the insurance company, and that the "rider" shows on its face that it was never so countersigned. The evidence was inadmissible and prejudicial to the defendant.

Two other purported copies of insurance policies were introduced in evidence, over the objection of the defendant, one being a "copy" of a policy issued by the Federal Insurance Company, and the other, a "copy" of a policy issued by the Home Insurance Company. Each of these purported copies, while not as defective as the purported copy of the policy issued by the Calvert Fire Insurance Company, was defective in failing to show that it was a genuine copy of the original policy. The State endeavored to prove by the testimony of Fred L. Seaman that the three purported copies were genuine copies of the originals. This witness testified on direct examination that the "copies" introduced in evidence were correct copies of the originals, but on cross-examination he admitted that his testimony was based solely on what he had been told by other persons. Therefore his testimony that the "copies" were correct copies of the originals was purely hearsay and inadmissible. The court erred in admitting in evidence the three "copies" and the testimony of the witness Seaman.

The other assignment of error, based upon an excerpt from the

charge of the court, when considered in the light of the entire charge and the facts of the case, is without merit. Since the case must be tried again, the general grounds of the motion for new trial are not now considered.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*