31519.   NUTTING *et al. v.* WILSON.

DECIDED MAY 6, 1947.

150

*Miller & Head,* for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, C. Baxter Jones,* contra.

GARDNER, J. From the record which we have above set forth it will be discerned that the effectiveness of the answer and the

cross-action must be determined in the light of the special stipulations, quoted hereinbefore from the contract. The answer and cross-action nowhere allege that the plaintiff was able to secure a loan of $10,000, on the property in question at the rate of four and one-half percent per annum. · The broker's contract was specifically made subject to the purchaser being able to secure such a loan. Indeed, the letter of July 11, wherein the plaintiff agreed to a rate of five percent instead of four and one-half percent seems to imply that the defendants were seeking to assist the purchaser in negotiating this loan. Be this as it may, the answer and cross-action nowhere allege that the purchaser was ever able to secure a loan of $10,000, at either rate. These special stipulations create a condition precedent to the defendants being entitled to collect any commission as real-estate brokers. This being true, the defendants in the cross-action to the plaintiff's petition fail to show any right for the defendants to prevail. Under the terms of the contract it is stated that unless a sale was consummated under the terms of the brokerage contract, the $500 was to be returned to the plaintiff. The Code, § 20-902, reads: "Conditions not complied with as defense.—A condition, precedent or subsequent, not complied with, want or failure of consideration, or any act of the opposite party, by which the obligation of the contract has ceased, may be pleaded as a defense." Section 20-110, reads: "Conditions precedent or subsequent.—Conditions may be precedent or subsequent. In the former, the condition must be performed before the contract becomes absolute and obligatory upon the other party. In the latter, the breach of the condition may destroy the party's rights under the contract, or may give a right to damages to the other party, according to a true construction of the intention of the parties."

In applying the principals in these sections, it must be kept in mind that the cross-action envelops the general denial in the defendant's answer and affirmatively pleads the right to recover under the contract. *Bedingfield & Co.* v. *Bates Advertising Co.,* 2 *Ga. App.* 107 (58 S. E. 320); *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (65 S. E. 315). This being true, the defendants insofar as the cross-action is concerned became the plaintiff with the burden of alleging and proving the condition precedent,—that is, that the plaintiff was able to secure the loan

in the contract and by his default the sale was not consummated. The allegations of the cross-action failed in this regard and must fall under a general demurrer. In this connection, in *Mutual Benefit Health &c. Assn.* v. *Hulme,* 57 *Ga. App.* 876 (197 S. E. 85), this court said: "When a plaintiff's right to recover on a contract depends upon a condition precedent to be performed by him, he must allege and prove the performance of such condition precedent, or allege a sufficient legal excuse for its non-performance. *Griswold* v. *Scott,* 13 *Ga.* 210; *Life Ins. Co. of Va.* v. *Proctor,* 18 *Ga. App.* 517 (89 S. E. 1088); *Williams Valve Co.* v. *Amorous,* 19 *Ga. App.* 156 (91 S. E. 240); *Baker* v. *Tillman,* 84 *Ga.* 401 (11 S. E. 355); *Herrington* v. *Jones,* 132 *Ga.* 209 (63 S. E. 832); *Daniel* v. *Dalton News Co.,* 48 *Ga. App.* 772 (173 S. E. 727)."

When we view the law applicable to the right to recover under a contract which involves a condition precedent to recovery, in view of the many decisions of this court and the Supreme Court, we find there is no legal efficacy in the contentions of the defendants that the broker was in the instant case a defendant and not a plaintiff and the condition precedent was not to be performed by the defendants. This is true for the reason that the defendants in their cross-action assume the burden of and did affirmatively plead the contract and thereby became to all intents and purposes, the plaintiff as to this phase. See, in this connection, *Elmore* v. *Thaggard,* 130 *Ga.* 701 (61 S. E. 726). See also *Southern Manufacturing Co.* v. *Moss,* 13 *Ga. App.* 847 (81 S. E. 263). See also *LeSueur* v. *Crawford,* 23 *Ga. App.* 549 (99 S. E. 46); *Stokes* v. *Walker,* 21 *Ga. App.* 630 (94 S. E. 841). In such a situation as presented in the instant case, the answer and cross-action of the defendants was subject to be dismissed under a general demurrer. *Hilton* v. *Taylor,* 18 *Ga. App.* 647 (90 S. E. 223).

The defendants contended that their pleadings are sufficient under the provisions of the Code, § 81-114 going to the principle that pleadings should not be dismissed on the grounds of technical or formal objections where the allegations of the pleadings substantially conform to the requirements of the Code and set forth a legal cause of action. The defendants further in connection with the principles of that Code section call our attention to the case of *Spurlock* v. *West,* 80 *Ga.* 302 (4 S. E. 891). The principles

of law thus called to our attention by the defendants have no saving application concerning the question before us. In our opinion the cases which we have discussed are controlling. We therefore enter into no discussion with reference to the sufficiency of the description of the property.

The court did not err in sustaining the general demurrer or in marking the case in default and entering final judgment in favor of the plaintiff.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*