GAULDING, by guardian ad litem, *et al. v.* GAULDING *et al.*

No. 18148.   ARGUED MARCH 9, 1953—DECIDED APRIL 14, 1953—
REHEARING DENIED MAY 13, 1953.

*Rupert A. Brown, R. Howard Gordon, J. T. Murray, Clete D. Johnson* and *Linton S. Johnson,* for plaintiffs in error.

*C. O. Baker* and *Robt. E. Gibson,* contra.

ALMAND, Justice. ■ The defendant in error moves to dismiss the bill of exceptions because, as he contends, the record does not show that any judgment was entered on the verdict of the jury, and there being no final judgment, the writ of error here is premature.

The bill of exceptions, as certified by the trial judge, recites that "the jury returned a verdict finding in favor of the validity of the deed, and thereupon a decree was entered in said matter." The bill of exceptions specifies, as a part of the record, the decree of the court. The clerk's certificate to the transcript of the record states that the decree specified in the bill of exceptions was not sent up with the record because "not of file and record in this office." Such certificate neither negatives nor conflicts with the recital in the bill of exceptions that a judgment was entered on the verdict. The mere absence of the judgment from the clerk's files does not prove its non-existence. The positive recital in the bill of exceptions, that a judgment was entered, controls. Compare *Southern Railway Co. v. Flemister,* 120 *Ga.* 524 (48 S. E. 160). The motion to dismiss the writ of error is denied.

■ The first special ground of the motion for a new trial complains of the court's charge to the jury. The court, after charging that the only issue to be determined was whether the deed of December 8, 1944, was a valid deed, instructed the jury as follows: "To constitute any contract, and a deed is a contract, there must be parties able to contract. Insane persons, lunatics or persons non compos mentis or of unsound mind are not capable of contracting. A person is considered to have sufficient mental capacity to contract if at the time of contracting he has sufficient mind and reason to be capable of knowing his real situation and condition, of knowing and understanding clearly what he was doing and perceiving the effects of his acts.

"I charge you, gentlemen, if a person was at times prior to the time of the contract insane but had lucid intervals, he would have the right and would be competent to make a valid contract and it would be binding on him."

Error is assigned on this latter excerpt as being confusing and misleading to the jury, and as giving them the impression that a person who was insane but had lucid intervals was com-

petent to make a deed although the deed was not made during a lucid interval; that the jury in effect were instructed that the test as to whether an insane person could make a valid contract was whether he had lucid intervals, and if he had, he could make a contract.

In view of the sharp conflict in the evidence on the question of W. L. Gaulding's sanity before and at the time of the execution of the deed, and the uncontradicted evidence of his having been adjudicated insane before the deed was executed, as well as after its execution, this assignment of error is meritorious. Code § 20-206 provides that the contract of an insane person is voidable "except that a contract made by such person during a lucid interval is valid without ratification." The court's instruction that, if W. L. Gaulding, at times prior to the time the deed was made, was insane, but had lucid intervals, he was competent to make a binding contract, did not state the correct rule. The test is: was the contract made during a lucid interval? The charge as given was error.

■ The remaining special ground complains of the court's refusal to grant to counsel for the defendant the right to open and conclude the argument to the jury. This ground recites that, before the introduction of any evidence, defendant's counsel assumed the burden of proof and requested the right to open and conclude the argument. W. L. Gaulding in his answer and cross-action admitted the execution of the deed, but asserted that it was invalid because he was insane at the time of its execution and was mentally incompetent to execute the same, and further, that the deed was invalid because of the inadequacy of the consideration coupled with his lack of mental capacity. At the beginning of the trial, his counsel stated that they assumed the burden of proof, the judge having stated to the jury that he would submit to them only the question as to whether the deed was valid. He instructed the jury that the burden as to the cancellation of the deed was upon the defendant. The evidence being in conflict and not demanding the verdict returned, the court, under the circumstances of this case, erred in denying to counsel for the defendant the right to open and conclude the argument. *Broach* v. *Kelly*, 71 *Ga.* 698 (4); *Widincamp* v. *Widincamp*, 135 *Ga.* 644 (1) (70 S. E. 566);

*Payne* v. *Thebaut*, 180 *Ga.* 758 (1) (180 S. E. 725); *Georgia Power Co.* v. *Puckett*, 181 *Ga.* 386 (1, 2), 389 (182 S. E. 384).

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*