38980, 38981.   AMERICAN CASUALTY COMPANY
v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; and *vice versa.*

DECIDED SEPTEMBER 7, 1961.

*Smith, Field, Ringel, Martin & Carr, Sam F. Lowe, Jr., Robert C. Field,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, C. B. Rogers,* contra.

EBERHARDT, Judge. The only assignment of error in the main bill of exceptions is as to the overruling of the motion for new trial as amended. The motion contained the usual general grounds, and in addition a special ground complaining of the admission of a copy of a letter addressed to the insured dated July 26, 1957, relative to the correcting of the cancellation date on the policy involved and the enclosure of a check for the additional unearned premium.

■ The questions as to whether there was, at the time of the collision on June 21, 1957, coverage afforded to the insured under the policy of American Casualty, which appeared to have been amended at some time after issuance to extend the coverage back from June 24 to June 16; of whether there was

coverage afforded under the policy of State Farm by reason of the typographical error in transmitting to the home office the request of the insured for cancellation effective June 14; of whether there was liability to the occupants of the vehicle of a third party, and if so, whether American Casualty had taken steps to terminate such liability; and of whether, in effecting a settlement with the occupants of the other vehicle American Casualty had acted in such a manner as to render it a volunteer, were such that could be resolved only from a consideration of the evidence submitted, some of which was conflicting. The trial court, by the entry of its judgment for the defendant, resolved those questions against the plaintiff.

"As the case was submitted to the judge for determination of all issues without a jury, wherever it is necessary to consider any conflict in the evidence in the record, that view of it must be taken which is most favorable to the prevailing parties." *City of McRae v. Folsom,* 191 Ga. 272, 276 (11 SE2d 900). There is no merit in the general grounds.

■ A reading of the brief of evidence in this case discloses that the copy of the letter, admission of which into evidence is assigned as error, was read to the court by a witness for the plaintiff while on cross-examination, without any objection, at a time prior to the offering and admission of the copy i'self into evidence. Thus there is no merit in this ground of the amended motion. *Arcady Farms Milling Co. v. Betts,* 93 Ga. App. 255 (91 SE2d 289); *G. Bernd Co. v. Rahn,* 94 Ga. App. 713, 722 (96 SE2d 185).

"Furthermore, in a proceeding in which the court is both judge and jury, it must be presumed that the judge has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent." *Bailey v. Holmes,* 163 Ga. 272, 275 (136 SE 60). And see *Loftis v. Allen Plumbing Co.,* 57 Ga. App. 847, 849 (197 SE 45).

■ The above rulings make unnecessary any consideration of the cross-bill of exceptions, and it is accordingly dismissed.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Carlisle, P. J., and Nichols, J., concur.*