39198. TIFT COUNTY v. GOODMAN.
39199. TIFT COUNTY v. MOSES.

DECIDED JANUARY 15, 1962—REHEARING
DENIED JANUARY 25, 1962.

*Eugene Cook, Attorney-General, Carter Goode, E. J. Summerour, Assistant Attorneys-General, Maxwell Hines,* for plaintiff in error.

*Seymour S. Owens, Robert R. Forrester,* contra.

BELL, Judge. ■ It is the defendant's contention that these cases are controlled by the decision of the Supreme Court in *Darnall v. Georgia Ry. &c. Co.,* 134 Ga. 656 (68 SE 584). There the plaintiff brought an action on an alleged injury and damage to real estate owned by her allegedly caused by the constructing of an additional line of track upon the defendant

company's right of way which bounded the plaintiff's lot. The petition alleged that in order to construct this additional line of track the defendant made an excavation of land 10 to 15 feet wide, and lowered the grade of both the old and new track so that the bed of the railway was about 10 feet below the surface of the petitioner's lot, and that the company also lowered the grade of the Decatur and Atlanta Road adjacent to the petitioner's lot, and that the petitioner's house and lot were thus left at an elevation of 10 feet; that petitioner's property was rendered more difficult of access; that its value had been decreased; and that, in order to protect her land from washing, she would have to construct retaining walls of brick or stone. At the trial the jury returned a verdict for the defendant. On appeal, the Supreme Court held that there was no evidence whatever that the lateral support to the plaintiff's land had been in any way interfered with or that a retaining wall was necessary to support her land after the cut made by the railway company had been completed; that the railway company had the right to construct a line of railway over the strip of land conveyed to it by the defendant's predecessor in title; and that, in constructing the right of way, the company had the right to make such excavations as were necessary in properly grading the same, and to use all or any part of the right of way for that purpose *so long as there was no physicial invasion or injury to plaintiff's property.*

It is at once apparent that the *Darnall* case does not control the actions here, since the holding there was that the defendant had the right to act as it did only because *there was no physical invasion or injury to the plaintiff's property.*

The petitions in the present cases charge physical *invasions* of the realty by the casting of water upon the properties through interference with the natural flow. This interference and the consequent physical invasions were caused by the defendant's elevation of the highway and the construction of the culverts and the water trap. In numerous cases decided by the Supreme Court and this court, it has been held that there is liability for damage resulting from interference with the natural flow of water which causes injury to the complainant. *Barfield*

*v. Macon County,* 109 Ga. 386 (34 SE 596) ; *Whipple v. County of Houston,* 214 Ga. 532 (105 SE2d 898) ; and *Felton Farm Co. v. Macon County,* 49 Ga. App. 239 (175 SE 29).

In *McArthur v. State Highway Dept.,* 85 Ga. App. 500 (69 SE2d 781), this court held that there are only two elements of damage to be considered in a condemnation proceeding: first, the market value of the property actually taken; and, second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned; and that the consequential damages to the remainder of the property caused by negligent or improper construction of the improvement are not proper for consideration in a condemnation proceeding, but are the subject of a separate suit for damages.

We do not accord any merit to the contention advanced by the plaintiff in error to the effect that the mere reference in the deeds to the maps and drawings on file in the office of the State Highway Department of Georgia, in Atlanta, was sufficient to put the grantors on notice that water might be diverted so as to pond upon their property.

In the absence of express agreements relieving the Highway Department of all consequential damages caused by the physical invasion of property abutting on a highway, it would be placing an undue burden upon the grantors of rights of way to require them to comprehend complicated plans drawn by highway engineers and to anticipate and waive at the time of the delivery of the right of way deeds all consequential damages which might accrue to their property through the construction of the roadway according to the plans and specifications which might be on file in the Atlanta office of the Highway Department. Even conceding that the maps and drawings referred to show the grades and elevations of the road after its completion, the mere references to them in the right of way deed do not bind the grantors to the degree that they be held in law to have had actual knowledge of the future ponding of water upon their property and thus to preclude them from suing for those consequential damages at a later date. If this were otherwise,

the reference would also bind the grantee which could not thereafter change in any way its plans for the particular highway without first securing the consent of the grantors and would surely impede efficient highway construction where changes in design, grade, or other plans were found to be necessary. Thus construed, the petitions stated causes of action. The general demurrers were properly overruled.

■ Plaintiffs amended their petitions by adding allegations that the deeds from the plaintiffs to the defendant were procured by false representations of a representative of the State Highway Department. The defendant demurred to these amendments on the ground that they were not germane, material, or relevant.

We have held here that the deeds did not confer upon the defendant the right to damage the properties as the petitions allege they were damaged. This holding, coupled with the fact that these actions are ones seeking damages by reason of the alleged invasion of the plaintiffs' lands, compels the conclusion that all allegations in the petitions asserting fraud in the procurement of the deeds were immaterial and were not germane or relevant. Accordingly, the trial court erred in overruling the defendant's demurrers and motion to strike paragraphs 22 through 26 of the petition as amended in the Goodman case, and the demurrer and motion to strike paragraphs 19, 20, 21, 23 and 24 in the Moses case. The defendant's demurrer to paragraph 22 in the Moses case was withdrawn.

The other demurrers of the defendant were not argued and are deemed abandoned.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Hall, J., concur.*