### 40092. MOSES v. TIFT COUNTY.

PANNELL, Judge. "Section 95-1710 of the Code of 1933 provides the only method and procedure by which the State Highway Department of Georgia may become liable and be sued in tort." *Davis v. City of Barnesville,* 80 Ga. App. 3 (1), (54 SE2d 915); and where, as in the instant case, the alleged cause originates "where property is taken or damaged directly or consequentially from the building or grading of a State highway, the method of procedure, as outlined by this Code section, is not only authorized, but exclusive," *State Hwy. Bd. v. Hall,* 193 Ga. 717, 718 (20 SE2d 21), and the measure of damages in such case is the diminution in market value of the property as between the time immediately before the construction of the project and immediately after the opening of the road for traffic by the State Highway Board. *Code* § 95-1712; *Dougherty County v. Pylant,* 104 Ga. App. 468 (5) (122 SE2d 117).

2. Various charges of the court in the instant case (grounds 5, 6, 7, 8 and 9 of the motion for new trial) relating to the measure of damages as being the diminution in market value between the time immediately before the construction and immediately after the opening of the road (as sought by plaintiff in its petition), when construed as a whole, did not eliminate from the consideration of the jury the testimony as to water damage occurring after the road was open for traffic, the trial court having charged the jury in connection therewith that in arriving at the value when the road was open for traffic, it would be "their duty to take into consideration any damage to the market value of plaintiff's property which results from the construction of the highway, the manner in which such highway was constructed, and the effect of such construction upon the property of plaintiff, all as may be shown by the evidence produced to you," and that, "the evidence of alleged water damage . . . was admitted . . . for the purpose of illustrating the alleged damage

to the property"; nor was said charge error because of plaintiff's contention that, (a) the correct measure of damages was not the diminution in market value of the plaintiff's property, but was such sum as "would reasonably compensate the plaintiff for the hurt, inconvenience and damage in the use and enjoyment of the property caused by the nuisance being continuously maintained," *Nimmons v. City of LaGrange,* 94 Ga. App. 511, 515 (95 SE2d 314), and, (b) that it limited plaintiff to a single action, whereas, plaintiff was entitled to recover as for an abatable nuisance. See *Athens Mfg. Co. v. Rucker,* 80 Ga. 291 (3) (4 SE 885) ; *City Council of Augusta v. Marks,* 124 Ga. 365 (52 SE 539) ; *Williams v. Southern R. Co.,* 140 Ga. 713, 716 (79 SE 850). Even if the difference in market value were not the true measure of damages, the plaintiff in this case having sought such damages and this court having held that a cause of action was set forth in the petition, *Tift County v. Moses,* 105 Ga. App. 229 (124 SE2d 290), the plaintiff cannot now be heard to complain.

3. In ground 4 the plaintiff excepts to the trial court's refusal to give a written request to charge. While the request contains substantially a portion of the language in the opinion in this same case when it was before this court on demurrer to the petition, *Tift County v. Moses,* 105 Ga. App. 229, 233, supra, the first sentence in the request to charge is confusing and unclear because in paraphrasing the language of the case a qualifying phrase and word were left out. The charge requested not being itself free of imperfection the trial court did not err in refusing to so charge. *Gordy v. Dunwody,* 210 Ga. 810, 816 (83 SE2d 7) ; *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 166 (121 SE2d 388).

4. This being a suit seeking to recover the diminution in market value of plaintiff's property caused by the construction of the roadway which changed the natural flow of water drainage, and the construction of a water trap which emptied the water from the roadbed of the highway by means of an underground culvert directly upon the land of the plaintiff, and which, during rains, cast large amounts of water, dirt, gravel, rock and debris and caused ponding and stagnating of water upon plaintiff's property (ground 10 of the motion for new trial), the sustaining of an objection to the testimony of plaintiff that after the State Highway Department built a fill he had

to walk into and out of his property because no driveway was built, even if error, was harmless.

5. The general grounds (1, 2 and 3) and ground 11 of the motion for new trial being expressly abandoned and no errors elsewhere appearing, the action of the trial court in overruling the motion for new trial is affirmed.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

DECIDED NOVEMBER 22, 1963.

*Seymour S. Owens, Robert R. Forrester,* for plaintiff in error.
*Eugene Cook, Attorney General, Carter Goode, E. J. Summerour, Assistant Attorneys General, Maxwell D. Hines,* contra.