41501. STATE HIGHWAY DEPARTMENT v. LEWALLEN.

BELL, Presiding Judge. This is a condemnation case in which the State Highway Department brought proceedings to acquire certain land owned by A. J. Lewallen. After the award of assessors was filed in the office of the clerk of the superior court, condemnor appealed, and the case was tried before a jury. Condemnor excepts to the judgment of the trial court denying its amended motion for new trial.

1. Special grounds 1 and 2 of the motion for new trial are controlled adversely to the condemnor by the decision of this court in *State Hwy. Dept. v. Thompson,* 112 Ga. App. 488 (145 SE2d 784), certiorari denied December 6, 1965, and by *Elliott v. Fulton County,* 220 Ga. 377, 381 (139 SE2d 312).

2. Special ground 3 complains of the admission of evidence over objection that the highway project for which condemnee's land was taken was a Federal Aid Project in which the Federal Government would pay 90% and the State Government 10%. While the trial judge erred in admitting this evidence which was immaterial and irrelevant to any issue being tried under the facts of this case, it was harmless to condemnor. In this connection see *State Hwy. Dept. v. J. A. Worley & Co.,* 103 Ga. App. 25, 27 (3) (118 SE2d 298).

The two holdings in Division 3 of *Worley* are so simple that neither should be misunderstood or misapplied by trial courts or counsel.

The first of the holdings is that a trial judge errs in admitting testimony, over proper objection, that the Federal Government is participating with the State in paying the final cost for land taken in a governmental condemnation proceeding. The reason, elemental of course, is that testimony of that type is irrelevant and immaterial to any issue in the case. This holding constitutes the only binding precedent of the two. Thus it is the absolute *duty* of the trial courts, on proper objection made, *to exclude that type testimony.*

The second holding in Division 3 in *Worley* amounts to nothing more than the law of that case. The holding is that the admission of similar testimony over objection, *under the facts of that case,* was harmless. This holding did not mean—indeed it could not mean—that admissions of resembling testimony, over objection, in every case would be harmless.

In this case the State has asked us to overrule the second ruling and to hold that admission of the testimony was harmful. We decline at this time to do so for three cogent reasons. First, the holding was merely the law of that case. Second, we do not question that the trial judges hereafter will refuse to admit this objectionable testimony when the holdings in *Worley,* as explained in this case, are brought to the courts' attention during the course of counsels' making proper objection. The presumption is that the courts will properly perform their duty and exclude the improper testimony. Therefore, the *problem should not arise again.* Third, the record in this case shows conclusively that admission of the improper testimony was harmless. Here, not only was the sum of the damages found well below amounts which the testimony of any one of five witnesses would have authorized the jury to return, but there are in the record things from which the jury could have concluded that the testimony of witnesses expressing opinions on value at lesser sums was not based on full consideration of all factors properly involved in assessing damages to the property.

3. The general grounds of condemnor's motion for new trial and special ground 4 were expressly abandoned.

*Judgment affirmed. Frankum and Hall, JJ., concur.*

Argued September 13, 1965—Decided February 1, 1966.

*Arthur K. Bolton, Attorney General, R. L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., W. A. Ingram, Deputy Assistant Attorneys General, John T. Minor,* for plaintiff in error.

*Mitchell & Mitchell, Erwin Mitchell, Warren N. Coppedge, Jr.,* contra.