42260. STATE HIGHWAY DEPARTMENT v.
HARRISON et al.

PANNELL, Judge. 1. The refusal of the trial judge, upon objection, to rule out evidence to the effect that the federal government was participating with the state in the construction of the interstate road, if error (*State Hwy. Dept. v. Lewallen*, 113 Ga. App. 61 (147 SE2d 457); *State Hwy. Dept. v. J. A. Worley & Co., Inc.*, 103 Ga. App. 25 (118 SE2d 298)), was rendered harmless by the admission of further testimony, without objection, to substantially the same effect. See *American Cas. Co. v. State Farm Mut. Auto. Ins. Co.*, 104 Ga. App. 337 (2) (121 SE2d 806); *Yancey v. Fid. & Cas. Co. of N. Y.*, 96 Ga. App. 476 (2) (100 SE2d 653). Number 3 of the enumerated errors is without merit.

2. Where the trial court overruled an objection to testimony that during the construction of the improvement (estimated two years) muddy water would flow into a pond on the premises of the condemnee, such ruling, if error, was rendered harmless by the testimony of the condemnee, unobjected to, to the effect that "during the construction, two years, two years thereafter, I think my back pond is going to be damaged a figure of about $840.00 per year, which comes to a figure of $3,360.00, . . ." Id., and where, in response to the objection, the trial judge states that he does not admit it generally, but admits it for a special purpose, and counsel for the objecting party, upon ascertaining the purpose for which it is to be admitted, makes no further objection to it, no question of error is raised in this court based upon the trial court's act in admitting it (*Bowers v. Southern R. Co.*, 10 Ga. App. 367 (6) (73 SE 677)) and, where evidence is conditionally admitted and the court reserves a final ruling on its competency until a later stage of the trial, it is the duty of counsel objecting to the admission of such evidence to invoke a final ruling thereon, and upon his failure to do so the admission is not error. *Rouse v. Fussell*, 106 Ga. App. 259 (1) (126 SE2d 830); *Vun Cannon v. State*, 208 Ga. 608, 611 (2) (68 SE2d 586). Numbers 4 and 5 of the enumerated errors are therefore without merit.

3. A mere objection to evidence that it was incompetent or irrelevant or immaterial or without probative value or a

conclusion is entirely too vague and indefinite for decision by the trial court or by the appellate court. *Childers v. State,* 100 Ga. App. 255, 259 (110 SE2d 697); *Central of Ga. R. v. Brower,* 106 Ga. App. 340 (4) (127 SE2d 33). Accordingly, Nos. 6 and 7 of the errors enumerated present no question for decision.

4. Where no final ruling as to the admissibility of the evidence is invoked in the trial court, no question for decision is presented to the reviewing court. *Augusta Roofing &c. Works v. Clemmons,* 97 Ga. App. 576 (1) (103 SE2d 583).

Also where it appears the objecting party elicited similar evidence on cross examination, the error, if any, is harmless, *Williams Bros. Groc. Co. v. Blanton,* 105 Ga. App. 314 (1) (124 SE2d 479). Number 9 of the enumerated errors is therefore without merit.

5. Where evidence as to the income-producing qualities and capabilities of the land condemned is objected to, and the trial court instructs the jury that they are to consider this evidence only in arriving at a market value of the property taken and consequential damages to the remainder, there was no error in the admission of such evidence. See *State Hwy. Dept. v. Noble,* 114 Ga. App. 3, 7 (150 SE2d 174) which holds "that the land produces items which may be sold in the market may be shown as affecting its market value. The presence or absence of water on the land may be shown in like manner. The extent of the land's productive capacity and the amount and nature of available water is relevant. If these are removed or lessened by the improvements made, that is relevant in showing consequential damages to the property remaining."

6. Where motion is made to exclude the entire testimony of the witness, some of which is admissible, there is no error in overruling such motion. *State Hwy. Dept. v. Whitehurst,* 112 Ga. App. 877, 879 (2) (146 SE2d 919); *State Hwy. Dept. v. Jackson,* 100 Ga. App. 704, 705 (2) (112 SE2d 356). Enumerated error No. 10 it without merit.

7. Assuming, without deciding, that copies of original income tax returns may be allowed in evidence in lieu of the originals because of necessity or convenience (*Dobbs v. Justices of Inferior Court of Murray County,* 17 Ga. 624, 625 (4); *Thomas & Co. v. Parker,* 69 Ga. 283 (1)); yet, where production of such copies is sought during the trial of the case

from the files of a party, and it is not shown that the "copies" sought and in the files of the party are correct copies of the original signed and filed tax returns, there is no abuse of discretion in refusing to require their production. See in this connection *Hargrave v. State,* 70 Ga. App. 648, 650 (29 SE2d 428). Whether there would have been an abuse of discretion if the copies had been the same as the originals, it is not necessary to decide.

8. Where error is assigned on the refusal of the trial court to permit the appellant to question the jurors during the trial as to whether or not they had read a local newspaper article identified by date, etc., and claimed by appellant to be prejudicial, and it appears that the court refused to permit such questioning, and refused to admit the newspaper article in evidence on the motion to question the jurors, but instructed the jury to disregard anything other than the evidence in the case, and thereafter the newspaper article was not identified so as to be made a part of the record in this court and is not now a part of the record or transcript in this court, this court cannot pass upon any question presented involving a construction of such newspaper article.

9. The appellant, to support its argument that the evidence does not authorize the verdict and that the verdict is excessive, relies on *State Hwy. Dept. v. Weldon,* 107 Ga. App. 98, 99 (1) (129 SE2d 396) and *State Hwy. Dept. v. Mann,* 110 Ga. App. 390, 392 (2) (138 SE2d 610), which hold that evidence as to the value of the entire tract before the taking and the value of the entire tract after the taking has no probative value as to the value of the land taken and the consequential damage to the land not taken. These cases apply only where the verdict depends solely upon such evidence. There was other and additional evidence in the present case authorizing the verdict found. Evidence by the owner and others as to the effect of the taking upon the operation of the condemnee's farm and that the remainder of his farm was damaged a given figure per acre, was of sufficient probative value to support a finding of consequential damages. See *State Hwy. Dept. v. Whiddon,* 109 Ga. App. 744, 745 (137 SE2d 377). The credit and the weight to be given to evidence is for the jury, not the court.

*Judgment affirmed. Felton, C. J., and Frankum, P. J., concur.*

ARGUED SEPTEMBER 8, 1966—DECIDED FEBRUARY 22, 1967—
REHEARING DENIED MARCH 6, 1967.

*Arthur K. Bolton, Attorney General, Richard L. Chambers,
Assistant Attorney General, D. Field Yow, L. Clifford Adams,
Deputy Assistant Attorneys General, Lon Fleming,* for appellant.
*Robert E. Knox, Warren D. Evans,* for appellees.