## 26288. STRICKLAND v. CHEWNING.

Felton, Justice. 1. "Despite an adjudication of insanity, if no guardian has been appointed, the validity of a contract depends upon sanity at the time of the execution of the contract. In such a case the law presumes a continuance of insanity, and one contracting with such person has the burden of proving sanity at the time the contract is executed. *Akin v. Akin,* 163 Ga. 18 (2) (135 SE 402); *Martin v. Martin,* 185 Ga. 349 (195 SE 159); *Summer v. Boyd,* 208 Ga. 207, 211 (3) (66 SE2d 51)." *Lowery v. Browning,* 212 Ga. 586, 588 (94 SE2d 413); *Gaulding v. Gaulding,* 209 Ga. 781, 782 (75 SE2d 811); *Code* § 20-206.

2. Accordingly, in this action by the plaintiff to set aside as void a deed to certain real property executed and delivered by him in 1961 to the defendant, his former wife, where the evidence showed that the plaintiff was adjudged in 1959 by the court of ordinary to be "a person of unsound mind and fit subject for the Milledgeville State Hospital" with no guardian appointed and that he was restored to sanity and capacity in 1968, the defendant grantee was entitled to assume her burden of proving the plaintiff grantor's sanity at the time the contract was executed, as she alleged in her answer, as well as the other allegations of her pleadings.

Therefore, the trial court erred in its judgment directing a verdict in favor of the plaintiff solely upon the evidence of the deed from the plaintiff to the defendant and the adjudications of the plaintiff's incompetency and restoration.

*Judgment reversed. All the Justices concur.*
Submitted February 9, 1971—Decided March 4, 1971.

*C. W. Milam, Joseph S. Crespi,* for appellant.
*Chris A. Foster,* for appellee.