54150, 54151. DEPARTMENT OF TRANSPORTATION v. KNIGHT et al. (two cases).

BANKE, Judge.

In case No. 54150 the Department of Transportation condemned 1.048 acres from a 1.548-acre tract owned by the appellees. The remaining acreage was left landlocked but adjoined other lands at a proposed interstate highway interchange. A jury awarded total compensation in the amount of $28,140. In case No. 54151 the Department condemned 15.359 acres from a tract of approximately 34

acres, dividing the remainder into tracts of .3 and 18 acres. The 18-acre tract was located at another proposed interchange, but it, too, was left landlocked. A jury awarded $92,500 compensation. In both cases, the Department appeals the denial of its motion for new trial.

1. The Department contends that both verdicts should be set aside as excessive and beyond the range of proper and legal evidence, even though each was within the range of evidence offered on value and consequential damages. "In a condemnation case a verdict which is within the range of the evidence is not subject to being set aside as excessive. *State Hwy. Dept. v. Whitehurst,* 106 Ga. App. 532 (127 SE2d 501); *State Hwy. Dept. v. Alexander,* 105 Ga. App. 738 (125 SE2d 537)." *Price v. State Hwy. Dept.,* 111 Ga. App. 255 (3) (141 SE2d 215) (1965). The Department attacks the lawfulness of the evidence by contending that the condemnees' appraisal witnesses based their testimony on sales of noncomparable properties. This attack cannot be considered in the absence of any such objection at trial. See *Southern Bell Tel. & Tel. Co. v. Parker,* 119 Ga. 721 (47 SE 194) (1904).

2. The trial court did not err in either case in instructing the jury that it could consider "evidence showing an enhancement in the value of the property resulting from the previously announced intention of the condemnor to take an area which includes the condemned land for interstate highway purposes." This was a proper charge and was authorized by testimony in each case showing that the value of other property in the area had risen due to anticipation of the proposed highway. See *Gate City Terminal Co. v. Thrower,* 136 Ga. 456 (3) (71 SE 903) (1911); *Hard v. Housing Authority of the City of Atlanta,* 219 Ga. 74 (132 SE2d 25) (1963); *Civils v. Fulton County,* 108 Ga. App. 793, 796 (2b) (134 SE2d 453) (1963).

3. The Department enumerates as error in each case the trial court's failure to give the following charge: "The mere fact that knowledge of an anticipated improvement, that is, the new highway in this case, may have enhanced the value of certain particular property in the immediate vicinity of the condemnees' property does not necessarily mean that the condemned property taken is similar property to such enhanced property. It is for you to

determine from all the evidence whether values related to other property should also relate to the values of the property taken. If you should believe that a particular property in the vicinity [sic.] was enhanced by the knowledge of the coming highway due to the facts and circumstances which did not relate or apply to the property taken from the condemnees, then you would not allow your decision as to the value of the property taken to be influenced by the enhancement related to the other property."

There was evidence that the properties whose sale price the condemnees' experts considered in valuing the condemnees' property were in a more desirable location than the condemnees' property. Upon a proper request, it would have been error to fail to instruct the jurors that they should note and weigh any such dissimilarities in considering the probative value of the testimony as to "comparable sales." See *Ga. Power Co. v. Walker,* 101 Ga. App. 454, 457 (114 SE2d 159) (1960). The request under consideration involves the same legal principle; however, it is phrased in terms of differences in enhancement rather than differences in value and does not in any way relate to the consideration to be given the comparable sales testimony. "The charge requested not being itself free of imperfection the trial court did not err in refusing to so charge. [Cits.]" *Moses v. Tift County,* 108 Ga. App. 695, 696 (134 SE2d 501) (1963).

4. It was not error to refuse the following requested charge: "I charge you that if, in the consideration of the value of the property remaining to the condemnees in this case, you should find that its value after the taking is greater than its value immediately prior to the taking, this would result in a consequential benefit to the property left to the condemnees. The amount of such consequential benefit may be offset against any consequential damages which you may find in this case to reduce the amount of those consequential damages." The trial court correctly charged the jurors that special or consequential benefits are those which add to the convenience, accessibility, and usefulness of the remainder; and he correctly instructed them to offset any consequential damages by that amount. See *Williams v.*

*State Hwy. Dept.,* 124 Ga. App. 645 (185 SE2d 616) (1971). The charge requested by the appellant erroneously defined consequential benefits as any increase in the value of the remainder after the taking as compared to its value prior to the taking. As a matter of law, no such increase could be considered, since consequential benefits must be disregarded to the extent that they exceed consequential damages. Code Ann. §§ 36-504, 36-506; *Fulton County v. Bailey,* 107 Ga. App. 512, 514 (130 SE2d 800) (1963).

5. The Department contends that the trial court erred in refusing its request to charge the jury that the correct measure of consequential damages is the difference between the market value of the remainder before the taking and its value after the taking, and that if the latter were equal to or greater than the former no consequential damages could be awarded. Standing alone, this is a correct statement of the law. See *City of Jefferson v. Maddox,* 116 Ga. App. 51, 52 (1) (156 SE2d 553) (1967). However, the requested instruction also contained language directing the jurors to consider in this context any reduction in the market value of the remainder prior to the taking brought about by the knowledge or anticipation that the remainder would be left landlocked after the taking. This provision was erroneous, being in essence a statement that any consequential damage resulting from the land becoming landlocked could be offset against itself and disregarded. As a result, the refusal to give the correct portion of the request to charge was not error. See *Moses v. Tift County,* 108 Ga. App. 695, 696, supra.

6. Prior to the commencement of the trial in case No. 54150, but apparently after the selection of the jurors to try the case, one of the jurors was overheard to say that he did not think the government should take private land. The trial judge did not abuse his discretion in denying the Department's subsequent motion for mistrial. There was no indication that anyone had said or done anything whatsoever that might have influenced this juror, a fact which distinguishes this case from those cited by the Department. Nor did the comment indicate that the juror held any prejudice or predisposition with respect to any

issue involved in the case, since the government's right to take the land was not in dispute. Accordingly, it was not error to refuse a mistrial. Accord, *Cohen Bros. v. Krumbein,* 28 Ga. App. 788 (4) (113 SE 58) (1922).

7. The Department contends that the trial court erred in case No. 54151 in allowing the condemnees' expert to testify as to value and consequential damages, over its objection that the condemnees had never responded to interrogatories seeking to discover this testimony. In the alternative, the Department contends that the trial court should have granted its motion for continuance to permit completion of discovery. Neither contention has merit.

The trial judge has broad discretion in the enforcement of the discovery provisions of the Civil Practice Act, and this court will not interfere with the exercise of that discretion absent clear abuse. *Thomas v. Home Credit Co.,* 133 Ga. App. 602 (2) (211 SE2d 626) (1974); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Echols,* 138 Ga. App. 593, 595 (226 SE2d 742) (1976). No abuse appears in this case.

The motion for continuance came after the Department had presented its case and rested and after two of the condemnees' witnesses had testified. Furthermore, the condemneees' expert based his opinion on one comparable sale, that of a parcel immediately across the highway from the property being condemned. The record reveals that both the Department's counsel and at least one of its appraisers were thoroughly familiar with this property and with the details of the sale. A continuance would have allowed the Department to learn nothing of any benefit to it which it did not already know.

Finally, the name of the condemnees' expert had been furnished in response to the interrogatories. The Department was aware that he would testify and could have moved for the continuance at the beginning of the trial had it deemed the discovery of his testimony of sufficient importance to its case. Its failure to take any action to enforce its right of discovery until the trial was almost over amounted to a waiver of further discovery under the facts of this case.

8. During closing argument in case No. 54151, counsel for the condemnees stated that the proposed highway was funded by the federal government at 90 percent. The Department objected and moved for a mistrial on the grounds that the comment was irrelevant, prejudicial, and untrue. Although the comment was indeed irrelevant and of doubtful validity, this court has previously held that such mention of the federal government's participation is not so prejudicial as to require the grant of a new trial. See *State Hwy. Dept. v. Lewallen,* 113 Ga. App. 61 (147 SE2d 457) (1966); *State Hwy. Dept. v. J. A. Worley & Co.,* 103 Ga. App. 25 (118 SE2d 298) (1961).

9. The Department enumerates as error in case No. 54151 the admission over objection of testimony that one of the condemnees had attempted to obtain access to the road for the landlocked remainder but that none of the adjoining landowners would sell. This evidence was relevant to the issue of consequential damages in that it supported allegations of a diminution in the market value of the remainder. Accord, *State Hwy. Dept. v. Howard,* 124 Ga. App. 76 (1) (183 SE2d 26) (1971). Any false impression which the testimony might have given the jury to the effect that the condemnees were left without any means to regain access could easily have been remedied by a proper request to charge the jury that a landlocked condemnee has the right to condemn a private way. See *State Hwy. Dept. v. Davis,* 129 Ga. App. 142 (3) (199 SE2d 275) (1973). This enumeration of error is also without merit.

No error appearing in the record of either case for any reason assigned, the two judgments must be affirmed.

*Judgments affirmed. Quillian, P. J., and Shulman, J., concur.*

Argued July 11, 1977 — Decided September 6, 1977 — Rehearing denied October 3, 1977 and November 7, 1977 —

*Arthur K. Bolton, Attorney General, Thurman E. Duncan, Special Assistant Attorney General,* for appellant.

*Richter, Birdsong, Willis & Keeble, A. W. Birdsong, Jr.,* for appellees.