## 60610. PETERS v. JOYCE.

DEEN, Chief Judge.

This is an action for damages based on breach of an oral promise to make a will. The intestate Levi Joyce became ill and unable to take care of his 118-acre farm. His sister Naomi moved in with him and

took care of him and the farm for twelve years, assisted toward the end of her tenure by her only son and heir, James Joyce, known as Preacher. Levi died in February, 1978, and Naomi died in April of the same year. Another sister, the appellant Peters, obtained letters of administration, sold the farm, and thereafter brought a trover action against James for farm equipment and other personalty. James by this time had qualified as administrator of the estate of his mother Naomi. James answered, denying conversion, and counterclaiming in two counts: first, an action for damages for the value of the farm based on an alleged oral contract in which Levi agreed to will the farm to Naomi in return for her services to him and, secondly, a quantum meruit count based on the same transaction. The jury denied the prayers of the complaint and returned a verdict for James on Count 1 of his cross-action. The appeal is from the judgment based on this verdict.

1. The appellant first enumerates error on the denial of her motion for a directed verdict as to Count 1 of the counterclaim because the defendant "had not proven the existence of a legal enforceable contract beyond a reasonable doubt." In her brief the appellant cites only Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), a habeas corpus case dealing only with *reasonable doubt* requirements of the criminal law. It has no application here.

We are aware of the statements in various cases that in a suit for specific performance of an oral promise to make a will, proof of the contract must be " 'certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it.' " *Brown v. Newkirk,* 239 Ga. 579, 582 (238 SE2d 352) (1977). In that case the evidence is reasonably similar to that offered here and was held sufficient to pose a jury question on the existence of the contract. The same result was reached in *Abdill v. Barden,* 221 Ga. 591, 596 (146 SE2d 299) (1965) stating that in such a case conflicts in the evidence must be expected and will not of themselves prevent the establishment of a contract to devise. The jury is the final arbiter of whether the burden has been carried, and the "reasonable doubt" criterion, if the burden is to be couched in these words, refers not to the standard used by this court but to the jury's finding of the existence of the contract.

2. The only remaining enumeration contends that, even if the existence of the contract has been proven, its terms are not sufficiently definite and certain to be enforceable. There is clear testimony in the record that the intestate promised Naomi she would get the farm at his death, and that he made statements to various neighbors acknowledging a debt to Naomi in general terms by statements that she had moved to the farm to take care of him, and

that he did not know what he would have done except for her, and so forth. The asserted ambiguity of Levi's statements lies in the fact that on occasion he stated "he had it fixed where Naomi and James would get the place"; this was explained on the basis that Naomi's property was generally referred to as "hers and Preacher's" because it was generally understood "they were the only ones each other had."

It accordingly appears that plaintiff in the trial court relied on no affirmative facts but rested her case on the inadequacy of the defendant's case in counterclaim, and the jury failed to agree with her. We find sufficient evidence to uphold the verdict. There was evidence although contradicted, that Levi had promised the farm to Naomi. There was uncontradicted evidence that Naomi had in fact moved to the farm and taken care of her brother for almost twelve years, and that she alone of his family (except for the services of her son toward the end of her life when she became feeble) had cared for him, a fact he acknowledged often over the years and within two or three weeks of his death.

In view of the explanatory evidence, whether any ambiguity of phrasing on the part of Levi meant that he had arranged to leave his farm to Naomi, or to Naomi and her son jointly, was also for the jury. The evidence must, after verdict, be construed to uphold it where this is possible. *American Cas. Co. v. State Farm Mut. Auto. Ins. Co.,* 104 Ga. App. 337 (1) (121 SE2d 806) (1961). The fact that there may be a conflict in testimony does not mean that it is ambiguous, but only that the jury must determine which it considers to be believable. The oral contract here was amply supported by the evidence.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 10, 1980 — DECIDED OCTOBER 23, 1980 —

*George H. Wynn,* for appellant.
*Berrien L. Sutton,* for appellee.