## DARNALL *v.* GEORGIA RAILWAY & ELECTRIC CO.

1. Where a grantor in a deed conveys to the grantee a strip of land "for the purpose of a right of way for a street railroad," and subsequently the same grantor conveys a lot of land to another party by deed in which the right of way of the railway company is called for as the southern boundary of the lot conveyed to such other party, the latter is not entitled to maintain an action for damages against the railway company for excavations made upon its right of way in broadening and lowering its bed for a railway track, where there is no physical invasion of the property of such other party, and no negligence upon the part of the company in constructing its road-bed, affecting the property rights of the complainant.

2. The plaintiff having alleged that excavations made by the railway company on the south side and east side of her lot of land had injured and damaged her property in a certain sum, and evidence having been introduced to show the aggregate amount of the damages to her premises resulting from the excavations both on the south and on the east, and it appearing that in no event was the defendant liable for the excavations made on the south, the court did not err in charging the jury that the plaintiff would not be entitled to damages for injury resulting from the excavations made on the east side unless there was evidence before them from which they could determine the proportionate amount of the damages resulting to her property in consequence of the excavations made on the east side.

3. The rulings of the court in excluding certain testimony offered in evidence were not erroneous, it appearing that the testimony thus repelled was irrelevant to the issues involved.

JUNE 23, 1910.

Action for damages. Before Judge Roan. DeKalb superior court. June 12, 1909.

Miss Mattie H. Darnall brought suit against the railway company on account of injury and damage to certain real estate owned by her. She alleged, that the defendant company operated a street car line from the city of Atlanta to the town of Decatur, on the north side of the Georgia Railroad; that the defendant's line of railway crosses the wagon road from Decatur to Atlanta at a sta-

tion on a street-car line known as Rose Hill; that the lot of land alleged to have been damaged is bounded on the east by the said Decatur and Atlanta road, and on the south by the defendant company's right of way; that the company, which had been operating a single line of track during the year 1907, constructed an additional line of track, and in order to do this the company made an excavation of land, ten to fifteen feet wide, north of its original single track, and lowered the grade of both the old and the new track, so that the bed of the railway is about ten feet below the surface of petitioner's lot; that the company also lowered the grade of the Decatur and Atlanta road on the east side of her lot, where the road crosses the car line, so as to adjust the grade of the wagon road to the grade of the railway tracks; and petitioner's house and the surface of her lot were thus left at an elevation of ten feet; that these acts of the company were wrongful; that petitioner's property has been rendered more difficult of access, and its value has been decreased in a stated sum; and that in order to protect her land from washing away, she will have to construct retaining walls of brick or stone, and can approach the same only by constructing steps leading from the road grade up to the surface of her lot, all of which will be expensive.

On the trial the plaintiff introduced, as a muniment of title to the property alleged to have been damaged, a deed from the Germania Savings Bank, formerly the Germania Loan and Banking Company, dated August 15, 1904, conveying to the plaintiff a lot described as beginning at a point on the northeast corner of Atlanta road, and right of way of Georgia Railway & Electric Company at what is now Rose Hill station, thence extending north along Atlanta road 145 feet, thence west 128 feet, thence a little east of south 167 feet, thence east along right of way 97.9 feet to the point of beginning. Also in evidence was a deed from the Germania Loan & Banking Company to the Atlanta Rapid Transit Company, the predecessor in title of the defendant railway company, dated August 16, 1900, and reciting that "the said party of the second part is desirous of acquiring a right of way over certain portions of the land of said party of the first part, . . for the purpose of building its line of road upon the same, which road is now about to be built from the city of Atlanta to Decatur, Georgia; and . . the said party of the first part is also desirous of having a street ex-

42

tended through the southern portion of their said property;" and therefore, in consideration of one dollar in hand paid, the party of the first part sold and quitclaimed to the party of the second part, its successors and assigns, a strip of land fifty feet wide and eight hundred and thirty-two feet long, more or less, bounded on the south by the Georgia Railroad right of way 832 feet, on the east by Decatur wagon road 50 feet, and on the north by the lands of the vendee; "said lands being conveyed for the purpose of a right of way for a street railroad; and should the grantee, its successors or assigns ever abandon the use of said lands as a street-railroad right of way, then and in that event the same shall revert to and become the property of the vendor, its successors and assigns. The vendee, by acceptance of this deed, is bound and obligates itself to have at least one station on the right of way hereby conveyed, at which its cars shall stop to receive and discharge passengers. It is understood and agreed that if the party of the first part, or their successors, desires, they can, at any time they see fit, put in spur-tracks to connect their land with the Georgia Railroad tracks, and shall not be hindered in any manner by said second party from crossing their tracks. This deed not to become effective until said line is built through said property and in running order," etc. Upon the trial the jury rendered a verdict for the defendant. The plaintiff filed a motion for a new trial, and to the order of the court overruling the same she excepted.

*Green, Tilson & McKinney,* for plaintiff.

*Rosser & Brandon* and *Colquitt & Conyers,* for defendant.

BECK, J. (After stating the facts.) Under the conveyance from the Germania Loan & Banking Company to the Atlanta Rapid Transit Company, the predecessor in title of the defendant company, the latter acquired the right of way over the strip of land described in that deed, and had a right to construct and operate a line of railway with single or double tracks over the same; and in order to do this, the railway company had the right to make such excavations opposite the southern boundary of the plaintiff's lot, for the adaptation of the grade of its line of railway at that place to the grade of other portions of its tracks, as might be dictated by reasons of economy, convenience, and safety; and if in doing this they did not invade the property rights of the plaintiff, she would have no ground of complaint. Under the

undisputed testimony, after the excavation had been made in the cut south of the premises of the plaintiff, there was an intervening space of five feet or more between the top of the cut and her land.    There was no evidence whatever that the lateral support to her land had in any way been interfered with, or that a retaining wall was necessary to support her land after the cut made by the railway company had been completed.    Her deed was executed subsequently to the deed conveying the strip of land to the predecessor in title of the defendant.    There is no reference in her deed to a street as the southern boundary of the plaintiff's lot, but in the deed itself the call is for the right of way of the Georgia Railway & Electric Company as the southern boundary of said lot. What may have been the nature of the estate of the railway company in the strip of land it is unnecessary for us to discuss, further than to hold that the railway company had the right to construct a line of railway over this strip of land, and to make such excavations on that strip as were necessary in properly grading the same, and to use all or any part of the right of way as described in its deed for that purpose, so long as there was no physical invasion or injury to the plaintiff's property.    And if by the proper construction of its tracks and road-bed there was a consequent damage to defendant's property, by causing a decrease in its market value, it was damnum absque injuria.

2.    The plaintiff also contended that she was entitled to damages on account of lowering the grade of the road upon the east side of her premises, which was necessary in consequence of lowering the road-bed of the railway company in order to adapt the grade of the dirt road to the railroad.    The question of the amount of damages which the plaintiff had sustained in consequence of the lowering of the grade of the wagon road on the east side of her lot was submitted by the court to the jury under instructions as favorable to the plaintiff as she was entitled to.    The jury found against her; and rightly so, as appears from the evidence, under proper instructions from the court, informing them that they could not find for the plaintiff on account of the injury to her premises in consequence of lowering the grade of the road on the east side of her lot of land, unless there was evidence from which they could determine the damages flowing from the alleged wrong in deepening the cut on the east side.    And inasmuch as there

was no evidence as to the damages to plaintiff's property, save that, which included the damages resulting from the excavation on the south as well as from the excavation on the east, and nothing to show or indicate the proportionate part of the damages flowing from the excavation on the south or on the east, the jury had before them no evidence from which they could determine the amount of the damages to the premises inflicted as a consequence of the excavations on the east side of plaintiff's lot. *Brooks* v. *Camak*, 130 *Ga.* 213 (60 S. E. 456).

3.   The rulings of the court in excluding certain testimony offered in evidence were not erroneous, it appearing that the testimony thus repelled was irrelevant to the issues involved.

*Judgment affirmed. All the Justices concur.*