40236. HALE v. GLENN et al.

DECIDED OCTOBER 17, 1963—REHEARING DENIED
OCTOBER 31, 1963.

*Edward D. Wheeler*, for plaintiff in error.

*Best, Chambers & Mabry, Richard W. Best, Eugene P. Chambers, Jr.*, contra.

FRANKUM, Judge. This was a suit for damages because of injuries to a certain described residential lot located in the City of Atlanta on account of the loss of lateral support occasioned by the defendant having excavated his lot which adjoined that of the plaintiffs to a depth of some 17 feet below the original grade. In their petition the plaintiffs alleged that the reasonable market value of their property immediately after the tortious acts of the defendant was $3,000 less than it was immediately before such acts. It does not appear that any demurrers were filed. On the trial of the case Mr. Glenn testified that he purchased his house and lot in 1951, paid $2,600 for it, and that he had made improvements on the house to the value of about $1,500 or $1,600, and that, in his opinion, the house and lot were reasonably worth $7,000 or $8,000 immediately before the defendant excavated his land. In response to a question by his counsel as to its value immediately after the excavation Mr. Glenn testified merely that it was not worth much and not worth anything like it ought to be because people would not want the lot in its present condition. The only other witness as to value was one qualified as an expert land appraiser, who testified that, in his opinion, the plaintiffs' property was reasonably worth $4,300 immediately before the injury. Nowhere in this witness' testimony was there any opinion given as to the value of the

plaintiffs' property after the defendant excavated his property.

This latter witness also testified that, in his estimation, the plaintiffs' damages could be rectified by building a stone, masonry or concrete retaining wall and back filling with dirt hauled in from elsewhere to rebuild plaintiffs' lot to its original grade. His estimate of the cost of doing this was $1,992.04. This was the only evidence as to the damages sustained by the plaintiffs. The jury returned a verdict for the plaintiffs for $2,250, and judgment was entered on that verdict. The defendant made a motion for new trial on the general grounds, which motion was overruled, and the exception here is to that judgment.

The measure of damages in cases of this nature is the difference in the value of the property before and after the tort which occasions the injury. *Kolodkin v. Griffin*, 87 Ga. App. 725, 732 (7) (75 SE2d 197); *Georgia R. &c. Co. v. Flynt*, 93 Ga. App. 514, 524 (92 SE2d 330). From the foregoing summary of the evidence it is clear that the plaintiffs' evidence did not authorize the verdict returned. Assuming, but not deciding, that the testimony of the so-called expert witness as to the cost of building a retaining wall and filling in the plaintiffs' land behind the retaining wall, which was introduced without objection, would satisfy the requirements of the law and furnish a basis for the jury verdict, it is clear that this evidence standing alone would not have authorized a verdict for any amount in excess of $1,992.04. Furthermore, there is some evidence in the record that indicates that the plaintiffs' land had begun to wash away to some extent prior to the time the defendant excavated his land, but none of the evidence as to the value of the plaintiffs' land prior to the defendant's excavation of his land took into consideration the amount of this prior washing or how much it had diminished the value of the plaintiffs' land. See *Mayor &c. of Macon v. Dannenberg*, 113 Ga. 1111 (4) (39 SE 446); *Darnall v. Georgia R. &c. Co.*, 134 Ga. 656, 659 (2) (68 SE 584).

Under all the facts and circumstances of this case the trial court erred in overruling the motion for new trial on the general grounds.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*