41091. RUTLAND v. JORDAN.

DECIDED JANUARY 28, 1965.

*McCurdy, Candler & Harris, Claude E. Hambrick,* for plaintiff in error.

*Peek, Carr, Whaley & Blackburn, Benjamin B. Blackburn, III,* contra.

NICHOLS, Presiding Judge. ■ In support of the general grounds of the defendant's motion for new trial it is contended that the amount of the verdict was not authorized. "The jury, having viewed the premises by consent of the parties, were in a better position to form an opinion as to the damages alleged than is this court from the reported evidence alone. *City of Atlanta v. Milam,* 95 Ga. 135, 137 (22 SE 43)." *Rogers v. Western*

& *Atlantic Railroad,* 209 Ga. 450 (4) (74 SE2d 87). The verdict for the plaintiff was otherwise authorized by the evidence and the trial court did not err in overruling the usual general grounds of the defendant's motion for new trial.

■ The plaintiff's petition alleged that the damages to the property were caused by the negligent construction of a dam on the defendant's property and "that surface waters began percolating onto her land as a result of the subterranean waters forced under the dam of the defendant by the pressure of the impounded waters which has rendered large areas of her property a bog and a marsh, rendering them completely unfit for any use." The charge of the trial court complained of in special ground 4 of the motion for new trial is as follows: "If you find for the plaintiff in this case, then you will direct yourself to the question of damages. And if you find for the plaintiff in this case, then the plaintiff would be entitled to recover the diminution in the market value of her property occasioned by the diverting of the watercourse by the defendant in this case, if you so find." This charge is in accordance with the rule that the measure of damages in such case is the difference in the market value of the plaintiff's property before and after the tort which occasioned the injury. See *Hale v. Glenn,* 108 Ga. App. 579, 580 (134 SE2d 60). No error is shown by the excerpt from the charge complained of.

■ " 'It is the duty of the court to give in charge to the jury the law applicable to the issues made by the pleadings and the evidence, and a failure to do so, when injurious and harmful to the losing party, is reversible error. *Aubrey v. Johnson,* 45 Ga. App. 663 (2 b, c) (165 SE 846) ; *Pryor v. Coggin,* 17 Ga. 444.' *Camilla Cotton Oil Co. v. Crawley,* 52 Ga. App. 268, 271 (183 SE 134)." *American Fire &c. Co. v. Grizzle,* 108 Ga. App. 496, 497 (133 SE2d 400). Accordingly, the trial court did not err in charging, as complained of in special grounds 5 and 6 of the amended motion for new trial, on allegations of the plaintiff's petition supported by the evidence. The judgment overruling the defendant's amended motion for new trial was not error for any reason assigned.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*