## 31041. GUEST et al. v. RIDDLE et al.

GUNTER, Justice.

This appeal has evolved from a complicated factual situation involving a lease and sublease of farmland in Macon County. The case was tried before a jury; the jury resolved all factual issues in favor of the lessee, Mrs. Vaughn, and the sublessee, Mr. Riddle; and the trial judge entered judgment, based on the jury verdict, in favor of the lessee and sublessee and against the lessors, the appellants here. The appellants filed a motion for new trial; the trial judge denied their motion on all grounds; and the appellants have come here for review and enumerated fifteen alleged errors. We conclude that the alleged errors are without merit, and we affirm the judgment below.

The action began when Mr. Riddle, the sublessee, brought a complaint against the owners of the land, the appellants here, which alleged that the appellants had unlawfully taken possession of the land subleased to him by Mrs. Vaughn, the lessee of the appellants. The original complaint sought a temporary and permanent injunction against the appellants that would prevent them from interfering with Riddle's use of the land under his sublease. The original complaint was later amended to seek a court declaration of the validity of the sublease, punitive damages against the appellants, and expenses of litigation against the appellants.

The appellants filed responsive pleadings to the original complaint acknowledging that they had taken possession of the premises, that their action in doing so was entirely lawful, that Riddle's sublease from Mrs. Vaughn was void, and that they had not injured or damaged him.

Mrs. Vaughn then intervened in the pending lawsuit as a primary party at interest; her intervention sought a temporary and permanent injunction against the appellants to prevent them from interfering with her and Riddle's use of the land; she sought a court declaration as to the validity of her sublease with Riddle; and she sought punitive damages and expenses of litigation against the appellants. Her intervention was later amended to seek

$3,000 actual damages against the appellants plus an extension of her lease with them through 1977 because of their unlawful appropriation of the land against her and her sublessee.

The case was tried for two days before a jury; as stated above, the jury resolved the issues of fact in favor of Mrs. Vaughn and Mr. Riddle; the jury's verdict extended Mrs. Vaughn's lease with the appellants through 1977, awarded her $3,000 in punitive damages, and awarded her $1,000 as expenses of litigation; and the jury's verdict awarded Mr. Riddle $3,000 punitive damages and $1,000 as expenses of litigation.

The first two enumerated errors assert that the verdict was without evidence to support it. This assertion is based upon the alleged invalidity of the original lease and the sublease. We conclude that the evidence supported the finding of the jury, and these two enumerated errors are without merit.

The third enumerated error contends that a motion for directed verdict should have been granted on the ground that the sublease was void in that the appellants did not give consent to Mrs. Vaughn to sublease the land, and because the original lease was for less than a five-year period. The evidence was in conflict on this issue, and the trial court's refusal to direct a verdict was not error.

The next six enumerated errors complain that the trial court committed error in sustaining objections made by appellees to testimony of appellants pertaining to a purported release of forty acres of land by Mrs. Vaughn to appellants in consideration for their consent to Mrs. Vaughn to sublease the balance of the land. We have reviewed the testimony and the context in which the rulings of the trial judge were made, and we conclude that his rulings were not erroneous.

The next enumerated error complains of the denial of a motion for a mistrial, and it is without merit.

The next two enumerated errors complain of the refusal of the trial court to allow appellants to amend their pleadings during the trial and the sustaining of appellees' objection to appellants' counsel's argument to the jury. These two enumerated errors are without merit.

The next two enumerated errors complain of the

awards by the jury of punitive damages and expenses of litigation. For a trespasser to be liable for punitive damages, he must act in bad faith. *McConnell Brothers v. Slappy,* 134 Ga. 95 (67 SE 440) (1909). Furthermore, punitive damages may be awarded where there is evidence of wilful misconduct, malice, fraud, wantonness or oppression. *Southern R. Co. v. Moore,* 133 Ga. 806 (67 SE 85) (1909). A later case also holds that punitive damages may be awarded when the evidence shows that there was an "entire want of care which would raise the presumption of a conscious indifference to consequences." *Co-Op Cab Co. v. Arnold,* 106 Ga. App. 160 (126 SE2d 689) (1962). We conclude that there was adequate evidence to support the jury's finding of either a lack of good faith, wilful misconduct, or an entire want of care on the part of the appellants in retaking possession of the subject land.

With respect to the expenses of litigation issue, the appellants contended that the lease and the sublease were void, and that they were justified in retaking possession of the subject land. This case was a combination breach of contract and trespass action. Code Ann. § 20-1404 provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

If there was a preceding or underlying transaction that had a relationship to later litigation, or if the later litigation arose because of a dispute about the earlier transaction, and if there is evidence showing bad faith, or being stubbornly litigious, or causing unnecessary trouble and expense by a party involved in the earlier or underlying transaction, it is proper to submit the issue of expenses of litigation to the jury for determination. There was evidence in this case to warrant the finding of the jury on this issue.

Appellants' last contention is that the award of actual damages to Mr. Riddle by the jury cannot be sustained and should be stricken from the verdict and judgment because Mr. Riddle did not allege and pray for actual damages, and because there was no evidence to support the award of actual damages. Mr. Riddle's

538

complaint alleged a deprivation of the use of his subleased land, sought a court declaration of the validity of that sublease, and the evidence showed expenditures on the land that Riddle contended were beneficial to him over the entire term of his sublease. Under these allegations and this evidence, the award of actual damages to Mr. Riddle was warranted.

We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 10, 1976 — DECIDED SEPTEMBER 9, 1976.

*Walter S. Chew, Jr., Donald L. Lamberth,* for appellants.

*G. Leonard Liggin,* for appellees.