## 59322. VARNEDOE v. SINGLETON.

Sognier, Judge.

The appellee, Henry Singleton, went onto certain property owned by the appellant, Mable Varnedoe, and cut and removed timber in May of 1971. Appellant filed suit in Liberty County in 1973. Singleton failed to file an answer and judgment was entered in favor of the appellant. Damages were awarded by the court without a jury determination. The judgment was appealed and the case was remanded for a jury trial on the issue of damages. After evidence was presented to the jury, the trial court directed a verdict in favor of the appellee Singleton stating that appellant had failed to introduce evidence upon which the jury could arrive at an amount of damages. We reverse.

At trial appellant introduced the testimony of her son as to his opinion of the value of the trees. The witness testified that he was familiar with the land involved in the suit; that he was familiar with the value of trees having worked in the timber industry; that he knew how many trees had been cut; and that in his opinion, the trees cut had a value of $2,150.

Code Ann. § 38-1709 provides: "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." In order for a witness to give his opinion as to value, he must give his reasons for forming that opinion by showing that he had some knowledge, experience, or familiarity as to the value of the item. *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782) (1966); *Ricker v. Brancale,* 113 Ga. App. 447 (148 SE2d 468) (1966). The testimony of a witness that he is familiar with the value of the item in question is sufficient foundation to allow evidence as to value. *Johnson v. Rooks,* 116 Ga. App. 394, 396 (157 SE2d 527) (1967); *Canal Ins. Co. v. P & J Truck Lines,* 145 Ga. App. 545, 550 (244 SE2d 81) (1978).

Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their own knowledge and ideas. *Ga. Power Co. v. Harwell,* 113 Ga. App. 653, 654 (149 SE2d 376) (1966). After a witness has given his basis for opinion evidence as to value, it is up to the jury to determine its weight. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 5 (76 SE 387) (1912); *Dept. of Transportation v. Worley,* 150 Ga. App. 768, 772 (258 SE2d 595) (1979).

The trial court should have permitted the evidence as to value of the trees to go to the jury.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 14, 1980 — DECIDED
APRIL 11, 1980.

*John E. Pirkle,* for appellant.
*Richard E. Braun,* for appellee.