65827. MILLHOLLAND v. STEWART et al.

BIRDSONG, Judge.

Default Judgment and Directed Verdict. Kenny Stewart engaged Frank H. Cochran d/b/a Cochran Bros. House Moving Co. to move a house onto a lot owned by Stewart. Stewart lived on a lot on a short road down from the lot owned by Millholland. In order to move the house past the land owned by Millholland to get to Stewart's lot, it was necessary to remove a number of trees which were blocking passage of the house. Stewart got permission from one neighbor (other than Millholland) to cut one or more trees but did not contact Millholland. Instead Stewart went to the county offices and ascertained that there was a 45-foot right-of-way and that any trees within that right-of-way could be cut insofar as the county was concerned. Stewart then had a friend in coordination with an employee of Cochran (to point out the trees that had to be cut) cut down eleven trees that Millholland contended were on his property.

The evidence offered by Millholland was that there were stakes showing the lines of his property and that all eleven of the trees had been behind those stakes therefore that all eleven trees had been on his property. Stewart countered only with evidence that he had

permission to cut within the 45-foot right-of-way and he believed that at least some of the trees were within the right-of-way though he conceded that some probably were on Millholland's property. He offered no evidence showing that any particular trees were in the right-of-way. Stewart did not produce any evidence that Cochran granted permission to cut any of the trees as opposed to simply pointing out to Stewart the trees that were required to be cut.

Millholland offered testimony that he bought and sold property in the county and was familiar with property values. He testified as to the value of the property prior to the cutting and that as a result of the tree removal the value of the property had been diminished by $3,000. In his complaint, Millholland sought the $3,000 damages plus $500 attorney fees.

Millholland filed his complaint on January 11, 1982. Stewart never answered the complaint by filing an answer with the clerk of court but did serve an answer on the attorneys for Cochran and Millholland on March 28, 1982, some 76 days after the filing of the complaint. On the day of trial (July 1, 1982), Millholland moved to declare Stewart in default and to enter judgment against Stewart. The trial court, on its own motion (Stewart appearing pro se), construed Stewart's appearance in court and his objection to dismissal as a motion to open default, granted the motion and allowed Stewart to defend. There was no motion made by Stewart except after prodding by the court and the record is absolutely silent as to any grounds for a reasonable excuse for failure to file an answer (except that Stewart could not afford an attorney) or that costs had ever been paid prior to the opening of the default.

In addition, after opening the default, the trial court granted a motion by Stewart for a directed verdict concluding that Millholland had not established reasonably definite damages so as to support his claim for $3,000 or that the trees were on his property rather than in the right-of-way. Millholland brings this appeal enumerating as error the opening of default by the trial court and the direction of verdict. *Held:*

1. Generally, whether the trial court opens a default is a matter resting within the sound discretion of the trial court. *Taurus Productions v. Maryland Sound Industries,* 155 Ga. App. 147, 148 (2) (270 SE2d 337). For the relief to be granted, OCGA § 9-11-55 (b) (Code Ann. § 81A-155) requires that there must be a motion, a meritorious defense, a legal excuse for late filing, and payment of costs. Stewart in this case presented no excuse except failure to retain an attorney, no meritorious defense other than a general denial, and for all the record shows, he has not paid costs at any time. See *B-X Corp. v. Fulton Plumbing Co.,* 140 Ga. App. 131, 132-133 (230 SE2d

331). It is obvious therefore that at least one of the several conditions precedent to opening the default was not met; thus, the trial court had no exercisable discretion. *Ga. Hwy. Express Co. v. Do-All Chemical Co.,* 118 Ga. App. 736, 737 (165 SE2d 429). See also *Coleman v. Dairyland Ins. Co.,* 130 Ga. App. 228, 230 (202 SE2d 698). It follows therefore that the trial court erred in opening the default and allowing Stewart to defend against the complaint. *Alex v. Parkway-Boulevard Corp.,* 157 Ga. App. 269, 270 (277 SE2d 276); *Sweat v. Mohr & Sons,* 21 Ga. App. 93, 94 (94 SE 79).

2. Moreover, assuming arguendo that the opening of the default was errorless, we find error in the court's direction of verdict for Stewart in this case. Contrary to the finding by the trial court, Millholland's unrebutted testimony showed that all the trees were behind the stakes and his testimony was that all the trees were on his property. Secondly, he offered a basis for his opinion testimony that the property value had been decreased by $3,000, admittedly the proper yardstick for determining damages where trees have been cut improperly by trespass. See *Holcombe v. Jones,* 197 Ga. 825, 833 (30 SE2d 903) as to damages and *Varnedoe v. Singleton,* 154 Ga. App. 332 (268 SE2d 387). The testimony was competent opinion evidence as to value, and questions of value are peculiarly for the jury. See *Maddox v. State,* 157 Ga. App. 696, 697 (278 SE2d 480). At the very least, there were questions of fact as to the number of trees destroyed on Millholland's property and the value and extent of damages. Where there are questions of fact, it is error for the trial court to usurp the function of the jury by directing a verdict. See *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663); *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878). The judgment of the trial court is reversed with directions on remittitur to take action not inconsistent with this opinion.

*Judgment reversed with direction. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 28, 1983.

*Daniel T. Stringer,* for appellant.
*Donald J. Snell,* for appellees.