68822. ALLGOOD ROAD UNITED METHODIST CHURCH,
INC. et al. v. SMITH et al.
(325 SE2d 392)

POPE, Judge.
Appellees Mrs. Georgia Huddleston Smith and George L. Smith brought an action for damages against Allgood Road United Methodist Church for flooding which inundated the Smiths' property and the basement of their home and destroyed or damaged certain personal and real property. The flooding was alleged to have been caused by the church's negligence in improperly designing and installing a drainage system for the new church softball field which adjoined the Smith property. A jury verdict totaling $12,500 was returned for both the Smiths ($3,500 — Georgia Smith personal property; $6,500 — George Smith personal property; and $2,500 — damage to real property) and was made the judgment of the trial court. The church now appeals.

1. The church contends that the trial court erred in failing to set aside the verdict and judgment because the Smiths failed to plead or prove the existence of non-charitable assets available to satisfy the judgment, relying on the rule set out in *Cox v. DeJarnette*, 104 Ga. App. 664 (1) (123 SE2d 16) (1961). The church did not raise this defense in any of its pleadings, in its motion for directed verdict or at any time before verdict and judgment. Clearly, this defense was not preserved by the church. By not raising it in its motion for directed verdict, the church lost its right to raise it on appeal. See *Johnson v. Hensel Phelps Constr. Co.*, 250 Ga. 83 (295 SE2d 841) (1982). Nor is it preserved if one treats this aspect of the church's motion for judgment notwithstanding the verdict as a motion to set aside pursuant to OCGA § 9-11-60 (d), for the church failed to set it up as a defense at trial. " 'If a party ha[s] a good defen[s]e at law, and from negligence fail[s] to set it up at the proper time, he must take the consequences of his own *laches*; he cannot go into equity to be relieved from the

consequences of such negligence.' [Cits.]" *Peacock v. Walker*, 213 Ga. 628, 630 (100 SE2d 575) (1957). Immunity from suit, charitable or otherwise, may be waived in the same manner as are other defenses. See *Horton v. City of Macon*, 144 Ga. App. 380 (1) (241 SE2d 311) (1977). Thus, there is no merit to this enumeration of error.

2. The church also contends that both the damages for personalty and for real property are not substantiated by sufficient evidence. Although the church's motion for directed verdict was made at the close of its case, and not at the close of all the evidence, the grounds for the motion are preserved for appeal. See *Dept. of Transp. v. Claussen Paving Co.*, 246 Ga. 807 (2) (273 SE2d 161) (1980).

We find the evidence in regard to the value of the personalty sufficient. The Smiths adduced evidence from a dealer in used furniture and antiques who examined the damaged goods and offered his opinion on the fair market value of the goods before the flood and after the water damage. " 'Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their "own knowledge and ideas." ' [Cit.] The items involved in this case were of a relatively common nature, so that the jury was not limited to consideration of expert opinion testimony in forming its own opinion of the property's market value. [Cits.]" *Atlanta Commercial Bldrs. v. Polinsky*, 148 Ga. App. 181, 182 (250 SE2d 781) (1978). Thus, the jury could work not only from the value assigned to the items by the expert witness, but also from its own experience.

However, as to the damages awarded in regard to real property, we must agree with the church that the evidence presented was insufficient. Mrs. Smith alleged damage to her fence, drain, yard, flowers and house. The general rule for the measure of damages involving real property is the diminution of the fair market value of the property and/or the cost of repair or restoration. See generally Eldridge, Ga. Pers. Inj. & Prop. Dam. — Damages, §§ 8-2 and 8-3. No witness ever testified in regard to either measure of damages. Therefore, the jury was left simply to guesswork, and, therefore, it was error for the trial court not to direct a verdict in regard to the issue of damage to real property. *Hale v. Glenn*, 108 Ga. App. 579 (134 SE2d 60) (1963).

3. The church contends that the court erred in charging the jury in regard to actionable nuisance. We have examined the charge and the evidence and find the charge correct and adjusted to the evidence. There was testimony that the construction of the ballfield by the church had caused a change in the water run-off onto Mrs. Smith's property, and that she was aware of it, but before the May 23, 1980 deluge, felt it was not enough to raise a complaint.

*Judgment affirmed in part; reversed in part. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1984 —
REHEARING DENIED DECEMBER 10, 1984 —

*Malcolm S. Murray, William A. Dinges*, for appellants.
*Ralph J. Hunstein*, for appellees.