## 71176. IFFLAND v. LANCASTER et al.
(336 SE2d 350)

BANKE, Chief Judge.

The appellant entered into negotiations with appellee David Lancaster in January of 1983, for the purchase of certain real estate owned by Lancaster and his wife in McDuffie County, Georgia. Although they never entered into a written sales contract, the parties reached an oral agreement on a sale price; and, in February of 1983, the appellant moved onto the premises and began living there. The appellant continued to live on the premises until mid-June of 1983, when she advised Lancaster that she would be unable to "go through with the deal" and moved out.

The Lancasters sued to recover unpaid rent allegedly owed by the appellant, as well as to recover damages for the destruction of 116 trees which were cut while she was living on the property. The appellant denied liability and counterclaimed to recover for "caretaker" services she had allegedly rendered. In addition, she sought to recover punitive damages and attorney fees based on the appellees' alleged "stubborn litigiousness" in suing her. The case was tried before a jury, which awarded the appellees $875 for unpaid rent and $5,179.33 for "the diminution of the value of the property." The jury also found for the appellees on the appellant's counterclaim.

Mr. Lancaster testified that before moving onto the premises, the appellant agreed orally to purchase the property for $59,250 but told

him she would be unable to come up with the money until later in the year, when she expected to receive an inheritance. He stated that, on the basis of this understanding, he agreed to allow her to rent the premises from February to September of 1983, for $125 per month. In response to a subsequent request by the appellant to extend this arrangement through the end of the year, Lancaster testified that he sought to increase the rent to $250 per month, so as to give her more incentive to close the deal. It was at this point that the negotiations broke down and the appellant moved out. It is undisputed that no rental payments were ever made. Although the appellant admitted responsibility for cutting the trees, she characterized this as a landscaping improvement.

Mr. Lancaster testified that he was experienced in buying and selling property and offered his opinion that the value of the property had diminished as a result of the appellant's actions from $59,250, the amount she had initially agreed to pay for it, to $45,000, the amount he ultimately received for the property after placing it back on the market. Also, both Mr. and Mrs. Lancaster testified that, in their opinion, each of the 116 trees which had been cut had a replacement cost of at least $100. Mrs. Lancaster based her opinion in this regard upon her past experience working for a nursery. *Held*:

1. The evidence was sufficient to support a finding that the appellant had breached an oral agreement to pay rent to the appellees in the amount of $125 per month from February to September of 1983. The award of back rent in the amount of $875 was accordingly authorized, and it follows that the trial court did not err in denying the appellant's motions for directed verdict and judgment notwithstanding the verdict with respect to this aspect of the appellees' claim.

2. The trial court did not err in allowing Mr. Lancaster to testify, over objection, that the property ultimately sold for $45,000, this fact being central to his opinion that the property was worth only that amount after the trees were cut. Even unaccepted offers to purchase may be relevant and admissible where introduced merely to explain the basis for otherwise competent opinion testimony. See *Dept. of Transp. v. Lewyn*, 168 Ga. App. 283 (1), 285 (308 SE2d 684) (1983).

3. It is well settled that a property owner need not be an expert to state an opinion as to the value of his property, provided he can establish that he has had an opportunity for forming a correct opinion. See, e.g., *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1 (4) (292 SE2d 435) (1982); *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 712 (1) (225 SE2d 80) (1976). See generally OCGA § 24-9-66. "The question of whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is for the trial court." *Dept. of*

*Transp. v. McLaughlin*, supra at 5.

We hold that the trial court did not abuse its discretion in ruling that Mr. Lancaster was competent to state his opinion of the before and after value of his property. The fact that Lancaster believed his property was worth exactly what it sold for on the open market after the appellant moved out did not operate to deprive his testimony of probative value but was merely a factor to be considered by the jury in weighing his opinion. Accord *Dept. of Transp. v. Lewyn*, supra, at 285. The jurors did not, in any event, accept his assessment of the diminution in the value of his property at face value but adopted their own, much lower assessment, as they were entitled to do. See *Dept. of Transp. v. Driggers*, 150 Ga. App. 270, 271 (257 SE2d 294) (1979). The evidence as a whole was sufficient to support the jury's award of such damages, and it follows that the trial court did not err in denying the appellant's motions for directed verdict and judgment notwithstanding the verdict with respect to this aspect of the appellee's claim. Accord *Millholland v. Stewart*, 166 Ga. App. 431 (2) (304 SE2d 533) (1983).

4. The appellant's remaining enumeration of error, regarding a statement made by the trial court outside the presence of the jury during a colloquy on the appellant's motion for directed verdict, has been carefully examined and determined to be without merit.

5. There appearing to have been no valid reason to anticipate reversal of the trial court's judgment, the appellees' motion for imposition of damages for filing a frivolous appeal is hereby granted. Pursuant to OCGA § 5-6-6, the trial court is directed to enter judgment against the appellant for such a penalty in the amount of 10 percent of the total amount of the original judgment.

*Judgment affirmed with damages. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 16, 1985.

*Russell L. Adkins, Jr.*, for appellant.
*Salvatore J. Serio*, for appellees.