71813. INGRAM v. SUMMERLIN et al.
71814. SOUTHEAST GRADING, INC. v. SUMMERLIN.
(348 SE2d 68)

McMURRAY, Presiding Judge.

Plaintiff's complaint alleges the unauthorized destruction of trees, flowers and other ground cover on her property. The damage was allegedly accomplished by defendant Southeast Grading, Inc., here ("Southeast") acting at the request of defendant Ingram. Plaintiff sought to recover from defendants, jointly and severally, both compensatory and punitive damages.

Defendant Southeast answered denying the allegations of plaintiff's complaint, stating its defenses and by amendment stating a cross-claim against defendant Ingram. The cross-claim alleges that any tort by defendant Southeast against plaintiff results from reliance upon fraudulent representations, made by defendant Ingram.

Upon the trial of the case, the jury returned a verdict on the principal action in favor of plaintiff and against both defendants jointly for compensatory damages of $6,000 and for punitive damages of $4,000. On the cross-claim the jury returned a verdict in favor of defendant Southeast and against defendant Ingram in the sum of $2,000. In these companion cases, each of the defendants appeals the judgment of the trial court. *Held*:

1. Defendant Ingram's brief contains neither argument nor citation of authority to support any of his enumerations of error. Accordingly, his enumerations are deemed abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of Georgia. *Rich v. Ga. Farm &c. Ins. Co.*, 176 Ga. App. 663, 665 (6) (337 SE2d 370). Also, defendant Ingram's motion to dismiss is denied.

2. Defendant Southeast contends plaintiff has failed to introduce evidence upon which the jury could properly arrive at an amount of damages. "Where a party sues for damages he has the burden of showing the amount of the loss in a manner in which the jury or the trial judge in a non-jury case can calculate the amount of the loss with a reasonable degree of certainty. *Hayes v. Flaum*, 138 Ga. App. 787 (227 SE2d 512); *Studebaker Corp. v. Nail*, 82 Ga. App. 779, 785 (62 SE2d 198). The question of damages cannot be left to speculation, conjecture and guesswork. *Development Corp. of Ga. v. Berndt*, 131 Ga. App. 277, 278 (205 SE2d 868)." *Smith v. Barfield*, 157 Ga. App. 231, 233 (276 SE2d 899).

The proper measure of damages in the case sub judice is any

diminution in the value of the property caused by the trespass. *Millholland v. Stewart*, 166 Ga. App. 431, 433 (2) (304 SE2d 533) and *Hale v. Glenn*, 108 Ga. App. 579, 580 (134 SE2d 60). "Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property . . . or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion." *Sisk v. Carney*, 121 Ga. App. 560, 563 (174 SE2d 456). See also *Varnedoe v. Singleton*, 154 Ga. App. 332 (268 SE2d 387).

In *Millholland v. Stewart*, 166 Ga. App. 431, supra, eleven trees were cut and removed from that plaintiff's property improperly by trespass. The plaintiff in that action testified that he bought and sold property in the county; was familiar with property values; and stated his opinion as to the value of the property prior to the cutting and as to the amount of diminution in value resulting from the cutting. This court held this evidence as to value sufficient to present the issue of damages to the jury.

In the case sub judice, plaintiff testified that prior to the unauthorized grading of her property by defendant Southeast it was worth $35,000 and that this value was diminished to $20,000 by the destruction of the trees and other vegetation. Plaintiff described the appearance of the property prior to the damage and introduced photographs taken after the damage was inflicted. Plaintiff testified that she had done research in order to develop her opinion as to the diminution in value, and that she was "familiar with the property in the area, and [she kept] up with what any property owner would keep up with regarding the value of the property." Plaintiff also testified as to an erosion problem resulting from the grading and the irreplaceable esthetic loss of several mature hardwoods. The evidence shows that plaintiff had a sufficient opportunity to form an opinion as to value of her property and stated the basis of the opinion which she formulated. We find this enumeration of error to be without merit. *Millholland v. Stewart*, 166 Ga. App. 431, 433 (2), supra. Also, we note that the jurors did not accept plaintiff's assessment of diminution in the value of her property but adopted their own substantially lower assessment, as they were entitled to do. See in this regard *Iffland v. Lancaster*, 176 Ga. App. 449, 451 (3) (336 SE2d 350).

3. Defendant Southeast contends there was no evidence authorizing the imposition of punitive damages. For a trespasser to be liable for punitive damages, he must act in bad faith or there must be evidence of wilful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of a conscious indifference to consequences. *Guest v. Riddle*, 237 Ga. 535, 537 (228 SE2d 910).

In the case sub judice, there is evidence that defendants knowingly used plaintiff's driveway as access to the grading site without any authority or permission. Also, there is evidence that defendant Southeast's equipment operator was told by plaintiff's tenant that he was grading the wrong land but proceeded to complete the task regardless of such notice. As such notice and conduct are imputed to defendant Southeast, we find that there is ample evidence authorizing the imposition of punitive damages. See *Guest v. Riddle*, 237 Ga. 535, 537, supra.

4. Finally, defendant Southeast contends that the trial court erred in failing to give its charge on mitigation of damages. The evidence shows that defendant Southeast's equipment was operated upon plaintiff's land on one day for a period of approximately four hours. There is no evidence suggesting any opportunity on the part of plaintiff to mitigate the damages to her land. There is no error in failing to give a charge entirely unsupported by the evidence. *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 883 (7) (311 SE2d 193).

*Judgments affirmed. Carley and Pope, JJ., concur.*

DECIDED JUNE 24, 1986 —
REHEARING DENIED JULY 23, 1986 —

Alfred H. Ingram, *pro se* (case no. 71813).
*Angela R. Sowder*, for appellant (case no. 71814).
*Daniel C. B. Levy, Richard F. Shepherd, Wayne B. Kendall*, for appellees.