No. 17-0796 – *Ben Goldstein and Diane Goldstein, husband and wife v. Peacemaker Properties, LLC, a West Virginia Limited Liability Company, and Peacemaker National Training Center, LLC, a West Virginia Limited Liability Company*

**FILED**
**March 18, 2019**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Jenkins, Justice, concurring, in part, and dissenting, in part, joined by Justice Armstead:

The majority's opinion in this case correctly finds that the legislative amendments to W. Va. Code § 61-6-23 apply retroactively to deprive Mr. and Mrs. Goldstein of a claim for injunctive relief against Peacemaker's shooting range operations. Additionally, the opinion also properly determines that the Goldsteins are not entitled to an award of costs and/or attorney's fees under Rule 37 of the West Virginia Rules of Civil Procedure because Peacemaker provided "substantial justification" for its refusal to answer the Goldsteins' discovery requests and/or its provision of limited information in response thereto.

However, this is the extent of my agreement with the majority in this case. I do not agree with the majority's assessment that the Goldsteins' complaint sets forth a claim for money damages sufficient to place Peacemaker on notice and preserve the Goldsteins' nuisance claim because the *only* relief the Goldsteins seek in their complaint is injunctive relief, which, by virtue of the legislative amendments to W. Va. Code § 61-6-23, is no longer an available remedy against a shooting range under the facts and circumstances of this case. For this reason, I respectfully dissent.

1

## *Complaint Requests Only Injunctive Relief*

Based upon the plain language of the Goldsteins' complaint, I disagree with the opinion's resolution of the notice pleading issue. The majority's opinion concludes that the Goldsteins' complaint included a claim for money damages such that their nuisance claim was a vested property right that the Legislature could not usurp by making its amendments to W. Va. Code § 61-6-23 retroactive. While I agree that West Virginia is a notice pleading jurisdiction, I do not agree that the Goldsteins' complaint adequately asserted a claim for money damages insofar as their claim for relief requested injunctive relief, or, in the alternative, other types of injunctive relief.

This case involves the application of W. Va. Code § 61-6-23. The operative statutory language provides:

> No municipal or county ordinance regulating noise may subject a shooting range to noise control standards more stringent than those standards in effect at the time construction or operation of the shooting range began, whichever occurred earlier in time. The operation or use of a shooting range may not be enjoined based on noise, nor may any person be subject to an action for nuisance or criminal prosecution in any matter relating to noise resulting from the operation of a shooting range, if the shooting range is operating in compliance with all ordinances relating to noise in effect at the time the construction or operation of the shooting range began, whichever occurred earlier in time.

W. Va. Code § 61-6-23(e)(1). The Legislature further expressly made this provision retroactive. *See* W. Va. Code § 61-6-23(f) ("It is the intent of the Legislature in enacting the amendments to this section during the 2017 regular session of the Legislature that the amendments be applied retroactively."). At the relevant times referenced in the statute,

Berkeley County had adopted a noise ordinance, but its provisions specifically exempted shooting ranges from its operation. The parties disagree as to whether Peacemaker was "operating in compliance with all ordinances relating to noise" in effect at the relevant times given that it is exempt therefrom, but the majority astutely recognizes that Peacemaker, who was not found to have violated the pertinent noise ordinance, was in compliance therewith.

Further, as the majority rightly observed, it is clear from the statutory language that the Goldsteins' claim for injunctive relief is prohibited by W. Va. Code § 61-6-23(e)(1): injunctive relief is not a vested property right because it is future or prospective relief, and, once an injunction is granted, it can be altered or withdrawn if the law that previously authorized the injunctive relief later is changed to foreclose such remedy. *See generally Landgraf v. USI Film Products*, 511 U.S. 244, 274, 114 S. Ct. 1483, 1501, 128 L. Ed. 2d 229 (1997) (recognizing that "relief by injunction operates *in futuro*," and, thus, party had no "vested right" in injunctive relief it had been awarded (internal quotations and citations omitted)).

Thus, as the majority also correctly noted, the only relief that is potentially available to the Goldsteins, then, is their claim for nuisance if such claim is a vested property right insofar as the Legislature cannot retroactively apply a statute to deprive an individual of a vested property right. *See, e.g.*, *Gribben v. Kirk*, 197 W. Va. 20, 26, 475 S.E.2d 20, 26 (1996) (noting that Legislature cannot "retroactively change statutes so as to sweep away

3

vested property rights" (citations omitted)).  To be a vested property right, then, the pivotal question is whether the Goldsteins' complaint adequately pled a cause of action for nuisance and requested monetary damages therefor.  It is at this juncture, though, that I must depart from my brethren.  My reading of the complaint suggests that the Goldsteins requested only injunctive relief therein, which, as noted previously, is not available to them under the current language of W. Va. Code § 61-6-23.

Under the notice pleading standard of this State, a claim for money damages must be apparent from the pleading, which, here, is *the complaint*.  *See* W. Va. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, *and* (2) *a demand for judgment for the relief the pleader seeks*." (emphasis added)).

> Indeed, Rule 8 of the Rules of Civil Procedure requires clarity . . . .  The primary purpose of these provisions is rooted in fair notice.  Under Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is.

*State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995).  *See also In re Estate of Olson*, 2008 S.D. 97, ¶ 20, 757 N.W.2d 219, 225 (2008) (stating that "damages [must] be pled with reasonable certainty" (internal quotations and citations omitted)).  As such, a defendant should not be expected to have to read an *appellate brief* to ascertain the precise nature of damages sought in a *complaint*.  Rather, the complaint, itself, should be sufficient to place the defendant on notice of the damages

4

a plaintiff seeks and is required to contain a clear statement of the relief requested. *See generally* Rule 8. The Goldsteins' complaint does just that, but the relief sought in the complaint is injunctive, not monetary.

Although the complaint sets forth the law governing nuisance and vaguely references that Peacemaker, as a result of the operation of its shooting range, "has substantially and unreasonably interfered with Mr. and Mrs. Goldstein's private use and enjoyment of their home property," Compl. at 9, the complaint stops short of explaining exactly how the Goldsteins have been injured by Peacemaker's actions such that their claim for the aforementioned monetary damages could reasonably be anticipated. Rather, the injuries they claim to have suffered all speak in terms of injunctive relief by averring that,

> [i]n particular, the Peacemaker National Training Center has substantially and unreasonably interfered with Mr. and Mrs. Goldstein's private use and enjoyment of their home property, as well [as] all of its neighboring property owners, by: 1) frequently exceeding the published hours of operation which it previously acknowledged as reasonable in consideration of its neighbors' concerns; and 2) frequently exceeding the noise levels which it previously identified as reasonable in consideration of its neighbors' concerns.

Compl. at 10. These averments are followed by the Goldsteins' prayer for relief:

### RELIEF

> WHEREFORE the Plaintiffs, BEN GOLDSTEIN and DIANE GOLDSTEIN, respectfully request this Honorable Court to grant them *temporary and permanent injunctive relief* against the Defendants, PEACEMAKER PROPERTIES, LLC, and PEACEMAKER NATIONAL TRAINING CENTER, LLC, by imposing specifically enforceable guidelines for: 1) hours of operation for the shooting range which may not be enlarged under any circumstances (i.e. no shooting before or after those hours originally published at any time); and 2) maximum noise levels from the shooting range which may not be exceeded under any circumstances.

5

Should the Defendants fail to meet these specific guidelines, the Plaintiffs respectfully request this Honorable Court to grant them *temporary and permanent injunctive relief* against the Defendants by requiring the Defendants to implement reasonable and economically feasible noise abatement measures on their own property with the objective of meeting these guidelines. Should the Defendants still fail to meet these specific guidelines, the Plaintiffs respectfully request this Honorable Court to award monetary damages for the cost of implementing reasonable and necessary noise abatement measures on their own property to comply with these guidelines and any other damages permitted by West Virginia law and supported by the evidence. Finally, the Plaintiffs respectfully request this Honorable Court to grant then [sic] such other legal and equitable relief as the Court shall deem just and proper under the circumstances.

Compl. at 10-11 (italicized emphasis added).

Therefore, the relief requested by the Goldsteins in their complaint specifically requests "temporary and permanent injunctive relief" and the imposition of guidelines regarding the operating hours of the shooting range and the maximum noise levels of the shooting range. Compl. at 10. Alternatively, if Peacemaker fails to comply with such guidelines, the Goldsteins request Peacemaker to implement noise abatement measures on its property, and, only if Peacemaker fails to meet those guidelines, the Goldsteins then request the "award [of] monetary damages for the cost of implementing reasonable and necessary noise abatement measures on their property to comply with these guidelines." Compl. at 10. Although the Goldsteins further request "other damages" permitted by law and "other legal and equitable relief" deemed just by the court, neither of these provisions put the defendants on notice as to a claim for monetary damages for nuisance given that the injuries claimed and damages requested in the complaint refer to injunctive relief.

6

In their appellate brief to this Court, the Goldsteins finally state that they also are asserting a claim for "monetary damages (i.e. diminution in value and annoyance and inconvenience) caused by Peacemaker's nuisance." Pet. Br. at 42. Not only is this revelation in the wrong pleading, the pleading in which it should have been stated, *i.e.*, the complaint, does not set forth grounds to support this alleged request for money damages with sufficient specificity to preserve the Goldsteins' claim for money damages in their nuisance action against Peacemaker.

### *Insufficiently Pled Claim for Money Damages*

Assuming arguendo that the Goldsteins' complaint asserted a claim for money damages as determined by the majority, the Goldsteins still are not entitled to pursue their nuisance claim because they did not sufficiently plead their claim for monetary relief.

In this regard, the Goldsteins argue that their general request for "such other legal and equitable relief as the Court shall deem just and proper under the circumstances" suffices as a claim for money damages insofar as legal relief signifies monetary relief. Compl. at 11. Be that as it may, such a general request is not sufficient to constitute a claim for money damages. *See Grode v. Mut. Fire, Marine, & Inland Ins. Co.*, 154 Pa. Cmwlth. 366, 374, 623 A.2d 933, 937 (1993) (concluding that request for "'additional damages'" did "not sufficiently set forth the type of damages [sought] and the legal basis for those damages").

7

Furthermore, even if the Goldsteins' complaint could be construed as requesting the monetary damages that they reference in their brief to this Court, *i.e.*, diminution in value, annoyance, and inconvenience, these damages also have not been properly pled in the complaint to afford the Goldsteins a claim for relief in nuisance. In this regard, a claim for diminution of value requires a loss in value that the plaintiff's property has sustained as a result of the defendant's allegedly wrongful conduct. *See Allgood Rd. United Methodist Church, Inc. v. Smith*, 173 Ga. App. 28, 29, 325 S.E.2d 392, 394 (1984) ("The general rule for the measure of damages involving real property is the diminution of the fair market value of the property and/or the cost of repair or restoration."). *See also LaSalle Nat'l Bank v. Willis*, 378 Ill. App. 3d 307, 330, 880 N.E.2d 1075, 1093 (2007) ("[W]hen a landowner has shown that he suffered a compensable injury, it is necessary to examine the exact interest harmed." (citation omitted)). Here, the Goldsteins do not set forth any such allegations as to the reduction in their property's value that they attribute to Peacemaker's lawful operation of its shooting range, alleging only that Peacemaker's actions have "substantially and unreasonably interfered with Mr. and Mrs. Goldstein's private use and enjoyment of their home property." Compl. at 9, 10.

Additionally, in the context of nuisance, damages other than those for diminution of value, such as annoyance and inconvenience as claimed herein, have been determined to be special damages, which must be specially pled pursuant to Rule 9 of the West Virginia Rules of Civil Procedure. "[T]he general measure of damages for a temporary nuisance [is]: the diminution in the rental value of the property caused by the nuisance, plus any

8

special damages. *Special damages include the personal inconvenience, annoyance*, and discomfort caused by the existence of a nuisance." *Miller v. Rohling*, 720 N.W.2d 562, 569 (Iowa 2006) (emphasis added; internal quotations and citations omitted). *Accord Gacke v. Pork Xtra, L.L.C.*, 684 N.W.2d 168, 185 (Iowa 2004) (concluding that if the subject facility "will be operated indefinitely as a nuisance, the court should award special damages supported by the evidence, past and future, as well as any decreased value of the plaintiffs' property proved by them" and that "[s]hould the evidence show the defendant will abate the nuisance, the plaintiffs' recovery would be limited to their special damages up to the time of abatement and any diminution in the rental value of their property while the nuisance exists"); *Pettengill v. Turo*, 159 Me. 350, 357, 193 A.2d 367, 372 (1963) ("The measure of damages to be applied in cases of temporary nuisance injury to real estate, supported by reason and authority, is that the injured land-owner is entitled to be compensated for the depreciation in the rental or useable value of the property caused by the nuisance . . . during the continuance of the injury, together with such special damage (including permanent injury to land) as may be proved." (citations omitted)). *See also* W. Va. R. Civ. P. 9(g) ("When items of special damage are claimed, they *shall* be specifically stated." (emphasis added)); *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 672-73, 464 S.E.2d 47, 63 (1995) (observing that "special damages must be pleaded, and the facts giving rise to the special damages must be alleged so as to fairly inform the defendant of the scope of plaintiff's demand" (internal quotations and citations omitted)). Again, however, the Goldsteins' complaint falls short because it fails to set forth such claims at all, much less with specificity.

9

Contrary to the conclusion reached by the majority, the complaint at issue herein simply does not provide sufficient notice of a claim for monetary relief to alert the defendants as to the nature of damages requested, particularly when the specific damages requested therein are couched in terms of injunctive relief. Accordingly, I would affirm Judge Wilkes' decision in this regard because the Goldsteins have not pled a claim for money damages for nuisance and thus do not have a vested property right that survives the legislative amendments to W. Va. Code § 61-6-23. For these reasons, I respectfully concur, in part, and dissent, in part. I am authorized to state that Justice Armstead joins in this separate opinion.